STATE OF MAINE

*vs.*

FRANK CALL, JOHN GILLIGAN AND ROY MCMASTERS.

Washington.   Opinion September 28, 1905.

*Criminal Law.   Evidence.   Plea of Guilty.   Record from Municipal Court.*

1. A plea of guilty in court is a confession of the crime charged in the complaint or indictment, and may be shown by oral testimony. It is not necessary to show it by record.

2. When a record of a municipal court offered to show a plea of guilty is incomplete, in that, the spaces for the names of witnesses ordered to recognize, and for the amount of their recognizance, in the printed form, are left blank, it is held to be admissible, and sufficient for the purpose for which it is offered.

On exceptions.   Overruled.   Judgment for the state.

The respondents were indicted at the January term, 1905, of the Supreme Judicial Court, Washington County, for breaking and entering a sardine factory at Eastport and stealing therefrom sardine coppers to the value of ten dollars.

The respondent, Call, was not apprehended but Gilligan and McMasters were arrested and held for trial jointly. The evidence for the state and also for the defense showed that Gilligan and

McMasters were together on the day when the crime was committed. The jury found these two respondents guilty as charged in the indictment.

During the trial of the cause, the state offered in evidence, a paper purporting to be a copy of the record of the Eastport Municipal Court concerning the respondent, McMasters. The said respondent seasonably objected to the admission of the paper aforesaid because it was not properly authenticated and because it exhibited internal evidence that it was not a correct copy of the proceedings of that court. The paper was admitted and the respondent seasonably excepted to its admission.

The state introduced one Eliab A. Murphy, a deputy sheriff, who was present at the trial of the respondents, Gilligan and McMasters, before the Eastport Municipal Court and who testified that these two respondents pleaded guilty in that court. To the admission of this evidence, the respondents seasonably objected and their objection being overruled, excepted to the ruling. No record evidence was introduced with regard to the plea of the respondent, Gilligan, in the court below.

An exception was also taken to a portion of the charge of the presiding Justice but which was afterwards waived.

The pith of the case appears in the opinion.

*C. B. Donworth,* County Attorney, for the state.

*A. D. McFaul, and W. R. Pattangall,* for respondents.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

SAVAGE, J. At the trial of the respondents for breaking and entering and larceny, the state was permitted to show by oral testimony that when they were arraigned for the same offense at the preliminary examination in the municipal court, each pleaded that he was guilty. Further, the state was permitted to introduce a copy of the record of the municipal court showing the same fact as to one of the defendants. To the rulings, admitting these pieces of evidence, the defendants excepted,

The defendants claim that their pleas of guilty in the lower court can properly be shown only by record, and that the copy of record introduced against one was incomplete, and hence that it was not admissible in evidence. The only imperfection we are able to discover in the copy of record is that, in the blank form of record used by the court below, the spaces for the names of witnesses ordered to recognize and the amounts of their recognizances are left blank. Whether any witnesses were ordered to recognize, or whether so much of the copy of record as relates to witnesses is superfluous, does not appear. It is immaterial in either event. The copy of record was clearly sufficient for the purpose for which it was offered.

Nor is there any foundation for the contention that oral testimony was inadmissible to show the pleas of the defendants in the municipal court. A plea of guilty in court is a confession of the crime charged in the complaint or indictment, and it may be proved like any other confession. When a person accused is asked whether he is guilty or not guilty, and answers, any one present and hearing may testify what his answer was, whenever that answer becomes material in later judicial proceedings. It is not necessary to show it by record.

The other exception is waived.

　　　　　　　　　　*Exceptions overruled.　Judgment for the state.*