### 13548.   OUTZ *v.* THE STATE.

LUKE, J. 1. Under the ruling of the Supreme Court in this case, in answer to a question certified to it by this court (154 *Ga.* 542, 114 S. E. 707), the trial judge did not err in overruling the demurrer to the indictment.

2. The law of circumstantial evidence was sufficiently charged by the court, especially as there was no request for fuller instructions thereon.

3. In view of the fact that the jury returned a general verdict of guilty (which in law amounted to a finding that the defendant was guilty of the highest offense charged in the indictment, to wit, manufacturing whisky, the instructions upon the misdemeanor charges in the indictment, if error, were harmless.

4. Where one is indicted in the Federal court for having whisky in his possession on a named date, and he pleads guilty to the charge, his

plea is a solemn admission in judicio, and a certified copy of the indictment and of the plea is admissible in evidence, for what it is worth, on the trial of the same person in the State court under an indictment charging that he, on the same date alleged in the Federal indictment, did manufacture whisky, etc. Under this ruling the admission of the documentary evidence, as complained of, was not error for any reason assigned.

5. The verdict was authorized by the evidence, and, having been approved by the trial judge, this court is without authority to interfere.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 11, 1923. REHEARING DENIED FEBRUARY 20, 1923.

Indictment for making liquor, etc.; from Thomas superior court — Judge Thomas. March 27, 1922.

*Titus & Dekle,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.