COMMONWEALTH *vs.* FRANK CRECORIAN.

Suffolk.    March 5, 1928.— June 11, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Robbery. Homicide. Practice, Criminal,* Former acquittal; Exceptions: admission in bill, waiver, omitted matter. *Evidence,* Relevancy and materiality, Admissions and confessions, Competency, Court record.

An indictment charging the murder of a certain person at a certain time does not charge the same offence as does an indictment charging, with identity of time, place and individuals named, an assault and beating with intent to rob, and a robbing and stealing from the person; and an acquittal on the first indictment does not bar a conviction on the second indictment.

A statement, in a bill of exceptions saved by a defendant at the trial of an indictment, that it was material for the Commonwealth to prove a certain fact, was treated by this court as an admission by the defendant that such fact was material.

At the trial of an indictment charging assault and battery of a woman with intent to rob her and robbery of money from her person, it became material for the Commonwealth to prove that a certain jewelled bracelet, not the property of the woman robbed, was in the defendant's possession previous to the robbery charged. As bearing on that issue, the bracelet itself was admitted in evidence, together with evidence that the defendant had sought to sell it for $2, and that the defendant subsequently admitted having stolen it before the date of the crime charged

in the indictment on trial, the judge instructing the jury that its having been stolen by the defendant furnished no proof of an intention of the defendant to rob the woman named in the indictment. *Held*, that no error was shown.

At the trial of the indictment above described, a plea of guilty to an indictment charging the same defendant with larceny of the bracelet in the circumstances was admissible although that case did not go to judgment but was placed on file by the court.

The mere fact, that the proof of the plea above described was not by an exemplified copy of the record of the court, did not require the sustaining of an exception to its admission in evidence where it did not appear that that ground of exception was argued by the defendant in this court.

Where a bill of exceptions alleged by the defendant at the trial of an indictment does not set forth an exception to the denial of a motion, urged at the close of the evidence, that a verdict of not guilty be ordered, the mere fact, that the docket entries of the trial court state that such a motion was filed and was denied and that the defendant excepted to such denial, does not bring such an exception before this court.

INDICTMENT, found and returned on August 25, 1925, charging that the defendant on May 31, 1925, "did assault and beat Mae Price with intent to rob her and thereby did rob and steal from the person of said Mae Price money of the amount and of the value in all of two hundred dollars, of the property of said Mae Price."

The indictment was tried in the Superior Court before *Lourie*, J. Material evidence and exceptions saved and argued by the defendant are stated in the opinion. The defendant was found guilty and alleged exceptions.

*W. R. Scharton*, (*M. Palais* with him,) for the defendant.

*F. T. Doyle*, Assistant District Attorney, for the Commonwealth.

BRALEY, J. The defendant on August 25, 1925, was indicted for assault and battery on Mae Price on May 31, 1925, "with intent to rob her and thereby did rob and steal from the person of said Mae Price money of the amount and of the value in all of two hundred dollars, of the property of said Mae Price." But, the defendant having been tried and acquitted on an indictment charging him with the murder· in the first degree of Mae Price on May 31, 1925, pleaded his acquittal in bar of the indictment for robbery. It was agreed at the hearing on the plea, that the act which resulted in the murder of Mae Price and the assault which

was an element in the robbery were one and the same act and that said assaults were committed on the same person and at the same time. The court sustained the demurrer of the Commonwealth to the plea and the defendant excepted. The ruling was right and the defendant's sixteenth and seventeenth requests, for instructions that the jury must find the defendant not guilty because of his former acquittal, were properly denied. The prior indictment for murder and the indictment for robbery were not indictments for the same offence. The jury in the indictment for murder in the first degree could have returned a verdict of guilty of murder in the second degree. But the acts charged in the first indictment would not have warranted a verdict of guilty on the facts charged in the indictment for robbery. The crimes charged are not identical. *Commonwealth* v. *Roby,* 12 Pick. 496, 503–505. *Morey* v. *Commonwealth,* 108 Mass. 433, 434. G. L. c. 265, §§ 1, 19.

The defendant's remaining exceptions in so far as argued relate to the admission of evidence. It appeared in evidence that Mae Price, a married woman, who lived at the Hollis Hotel in Boston, was connected as wardrobe mistress with a theatrical performance being conducted at the Wilbur Theatre, which was almost opposite the hotel. On May 30, Mae Price received about $200 not only in payment of her own work but for the services of other women serving under her. She paid two of the women and entrusted another woman with money amounting to $140. There was evidence tending to show that after the performance on May 30, at about 11:45 P.M., she entered a restaurant on Tremont Street accompanied by Mary Hughes and remained there until about 12:30 A.M. in the morning of May 31, when she went to the hotel, took the elevator to her room, which was on the fourth floor, where at ten o'clock on the same morning her dead body, showing marks of violence, was found, but the money was not found. The Commonwealth had the burden of proving larceny from the person of Mae Price by force and violence and putting her in fear, and that the crime was committed with intent to deprive her of the money. *Commonwealth* v. *Clifford,* 8 Cush. 215, 216. A witness,

one Vacarro, called by the Commonwealth, testified that on the night of May 28, 1925, he received a bracelet from the defendant, who asked $2 for it.   The bracelet was identified as the property of Beatrice Reynolds, and was admitted in evidence.   The witness further testified that the defendant said to him, "Take the bracelet and if you are in town when I see you again, you can give me $2." The Commonwealth was then permitted, subject to the defendant's exceptions, to introduce evidence that a certain jewelled bracelet, the property of one Beatrice Reynolds, had been in possession of the defendant prior to the robbery, and which she had missed from her room in Worcester on May 25, 1925.   The exceptions recite that, "During the course of the trial, it was material for the Commonwealth to prove that a certain jewelled bracelet, heretofore referred to, the property of one Beatrice Reynolds, had been in the possession of the defendant prior to the alleged robbery."   We treat this recital as an admission that the ownership and larceny of the bracelet were material to the Commonwealth's case.   This admission of the defendant justified the introduction of the evidence to which we have just referred and other evidence tending to show that the defendant did not testify, and there was no evidence, that the crime of robbery for which he was on trial had any connection with the larceny of the bracelet. The crimes do not appear to be part of the same plan or in any way connected.   The stealing of the bracelet did not under the circumstances furnish proof of an intention of the defendant to assault and rob Mae Price, *Commonwealth* v. *Jackson*, 132 Mass. 16, *Commonwealth* v. *Robinson*, 146 Mass. 571, 578, 579, and the jury were so instructed.

The Commonwealth, subject to the defendant's exception, introduced a certificate of the clerk of the Superior Court for the county of Worcester, which was marked "Exhibit G," that the defendant had pleaded guilty to an indictment charging him with larceny of a bracelet, the property of Beatrice Reynolds, and that by order of the court the case was placed on file.   It was not an exemplified copy and was inadmissible, but this ground of exception, not having been argued by the defendant, must be treated as waived.   In

these circumstances the fact of the plea of guilty without the case having gone to judgment, was admissible evidence. A plea of guilty before a committing magistrate is admissible against the defendant at the trial on the indictment. *Commonwealth* v. *Brown*, 150 Mass. 330. *Commonwealth* v. *Haywood*, 247 Mass. 16, 20. The fact that such a plea is offered in another and distinct prosecution does not render it, if relevant, any the less admissible. There was evidence on which the jury could find that the bracelet had been stolen, and that the defendant had it in his possession and had offered it for sale.

The docket entries transmitted by the clerk contain this statement: The defendant "filed motion for directed verdict of 'not guilty.' Motion for directed verdict denied, and thereupon said Crecorian, by his attorney, excepted to the denial of said motion for directed verdict." But the bill of exceptions on which the case is before us does not show that such motion was filed or ruling was made. If it be assumed that the question was material, the exceptions do not show that it was raised, and we cannot consider it. *Burke* v. *Savage*, 13 Allen, 408. *New Haven & Northampton Co.* v. *Campbell*, 128 Mass. 104, 107. *Simmons* v. *Lawrence Duck Co.* 133 Mass. 298, 303. It moreover is stated that all the evidence material to the issues raised is contained in the bill of exceptions and the defendant did not rely on this exception at the argument.

*Exceptions overruled.*