CELIA SAFFEL v. THE STATE.

No. 13243.   Delivered April 16, 1930.
Reported in 28 S. W. (2d) 169.

The opinion states the case.

*Tom P. Scott* and *H. S. Beard,* both of Waco, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, Judge.—The indictment in substance charged the appellant with maintaining a common nuisance on or about the 2nd day of June, 1929, by unlawfully keeping and maintaining a house where intoxicating liquor was kept, possessed, sold, manufactured and given away, in violation of the law. The penalty was eighteen months confinement in the penitentiary.

The evidence without reciting it in detail shows numerous sales of intoxicating liquor at about the date alleged in the indictment and previous thereto by appellant on the premises in question.

The question is appropriately presented of the alleged error of the Court in admitting in evidence certified copy of the judgment showing a plea of guilty by appellant rendered in the United States District Court sitting at Waco. The judgment recites the plea of guilty was entered on the 7th day of March, 1927, for the offense of knowingly and wilfully having in her possession for beverage purposes certain intoxicating liquor, to-wit, three gallons and two pints of distilled spirits and fifty-four pints of fermented liquor containing one-half of one per cent or more of alcohol by volume and fit for beverage purposes. The offense to which appellant is shown to have plead guilty is alleged to have occurred on or about the 31st day of December, 1926, in McLennan County, Texas. As a predicate for the admission of this testimony the State introduced the witness Lee Huff, an officer, who testified: "I know of my own knowledge where the liquor came from that is mentioned in that judgment which you read just a while ago. * * * The liquor to which the defendant in this case entered her plea of guilty in the Federal Court under which the judgment was entered that was just read a while ago came from Celia Saffel's place out beyond Axtell. That place is in this county. I was only there one time. * * * I had occasion to go out to her place, in connection with other officers, on or about the 31st day of December, 1926." Appellant contends that all of the above testimony was inadmissible as being too remote; that it would not constitute a violation of the law and the offense was not shown to have been committed within the three year period of limitation prescribed by statute for the offense for which appellant was being prosecuted. It is further argued in the brief that it is not shown that officer Huff had any search warrant and that such testimony was inadmissible for this additional reason. We think the record sufficiently and affirmatively shows that appellant voluntarily pleaded guilty to the possession of intoxicating liquor possessed by her on the 31st day of December, 1926, which was less than three years previous to June 2, 1929,

and was therefore within the period of limitation and tended directly to establish the allegations of the indictment herein. That a voluntary confession in another case which goes directly to establish the truth of the accusatory facts set out in the indictment for which the accused is on trial is admissible has been ofttimes decided. See Beason v. State, 43 Tex. Crim. Rep. 442; State v. Call, 61 Atl. 833; Green v. State, 24 So. 537; Heim v. United States, L. R. A. 1918 E, p. 90, where many authorities will be found collated. The testimony of Huff was introduced only as a predicate for the admission of the judgment in question. It identified the liquor mentioned in the judgment as having come from the possession of appellant at a time less than three years prior to the date of the offense charged herein. This was not too remote, particularly where the testimony as here shows practically an uninterrupted possession of intoxicating liquor from December, 1926, to June, 1929, by appellant, the offense charged being a continuous one.

Appellant could waive the issuance of a search warrant. Cornelius on Search and Seizure, Sec. 17. Since she voluntarily appeared in Federal Court and pleaded guilty to the possession of the liquor described in the judgment, we will not go behind same and presume the search to have been illegal in order to hold her confession inadmissible. The question at issue is the admissibility of her confession, not the legality of the search.

We consider and dispose of this question without reference to the action of the Court in striking the confession from the record after admitting it. If the testimony was admissible, it is obvious that the appellant could not have been injured, though she argues here that the error was of such nature that the Court could not cure same by an instruction to disregard the confession.

It is further contended that Art. 688, P. C., under which appellant was prosecuted, is void and unconstitutional because the offense is not therein defined in plain and intelligible English and is so vague and of so doubtful construction that appellant is not put upon notice of the charges against her. This article is as follows:

"Any room, house, building, boat, structure or place of any kind similar or dissimilar to those named, where intoxicating liquor is kept, possessed, sold, manufactured, bartered or given away, or to be transported to or transported from in violation of law, and all intoxicating liquors and all property kept in and used in maintaining such place are hereby declared to be a common nuisance. Whoever maintains or assists in maintaining such common nuisance

shall be guilty of violating this law and shall be punished accordingly."

Appellant does not point out wherein this is vague and uncertain and we think it is sufficient to plainly inform the accused herein with what particular offense she is charged.

Believing the evidence sufficient and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.