[Crim. No. 2312. Second Appellate District, Division Two.—February 9, 1933.]

THE PEOPLE, Respondent, v. ROY SANDERSON, Appellant.

Lois B. Preston for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—Defendant was charged in an information filed against him with the crime of burglary and with having theretofore been convicted of two separate felonies. From the judgment of conviction entered on the verdict of guilty returned by the jury, as well as from an order denying his motion for a new trial, he has prosecuted this appeal.

Appellant urges (1) that the evidence is insufficient to sustain the verdict and judgment, and (2) that the court erred in admitting certain evidence over his objection, the producing of which evidence is also urged as misconduct on the part of the district attorney.

 (1) There is ample evidence to support the verdict and judgment, but appellant contends that the prosecution's witnesses were impeached by contradictory statements which make their evidence insufficient as a matter of law. With such contention we cannot agree. The stories told by those witnesses dovetail with the physical facts related, which place the stolen property in the possession of appellant and tie him up so clearly as being the one who broke into the building at the time of the burglary that the truth of the stories is vividly impressed upon the reader of the transcript herein, in spite of attempted impeachment by contradictory statements in some particulars. However that may be, the jurors were the judges of whether the witnesses for the prosecution or the ones testifying to the contradictory statements were telling the truth, as well as whether the alleged inconsistencies justified a repudiation of the testimony of the People's witnesses, and their verdict expresses their conclusion thereon and is binding on us.

 (2) Over the objection of appellant's counsel that it was incompetent, irrelevant and immaterial a witness was asked if he heard the defendant make a statement at the preliminary examination with reference to pleading guilty, to which the witness answered, "I did." The asking of this

question was also cited as misconduct. Thereafter the witness stated that defendant stated at the time in question that "he wished to waive his entire preliminary and plead guilty in the superior court". Such evidence would seem very competent to be considered, with the other evidence, on the question whether or not appellant committed the burglary. The statement seemed to be voluntarily made by defendant himself, and it had a direct bearing on the issue raised by the plea of not guilty. In the case of *People* v. *Boyd*, 67 Cal. App. 302 [227 Pac. 783, 786], the prosecuting attorney introduced in evidence, over defendant's objection, an offer by the latter, made in open court at a former trial, to plead guilty to one offense charged in the information if a continuance he desired was granted. Influenced by the authority of *People* v. *Ryan*, 82 Cal. 617 [23 Pac. 121], this court decided that it was erroneous to admit such evidence, but that nevertheless no prejudice resulted therefrom. The Supreme Court, however, in denying a petition to have the cause heard by it, disagreed with such conclusion and said: "The action of the defendant in that regard was an admission on his part of the truth of the charge that he obtained money under false pretenses, which with the other evidence was properly left to the consideration of the jury." The Supreme Court held further that the fact that the admission was made in court did not detract from its relevancy or competency, and also that the case of *People* v. *Ryan, supra,* seemed to be out of harmony with what it, the Supreme Court, believed the law to be. We see no error in the overruling of such objection and, of course, no misconduct in offering the evidence.

Judgment and order affirmed.

Works, P. J., and Stephens, J., concurred.