**UNITED STATES v. ADELMAN.**

No. 43.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1939.

Joseph A. Solovei, of Brooklyn, N. Y., (Joseph Weiss, of New York City, on the brief), for appellant.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The contentions of the appellant are first, that the crimes were not proved; second, that error was committed in admitting in evidence testimony that he had pleaded guilty when arraigned before a United States commissioner; and third, that the evidence upon which he was convicted was obtained by an unlawful search of his dwelling.

Adelman and his wife occupied an apartment in a building located on Rodney Street, Brooklyn. On January 3, 1939, two narcotic agents of the Treasury Department had this apartment building under observation. They saw Adelman and Schildwach, who was also convicted but has not appealed, emerge from the building and walk down the street. Schildwach was carrying a parcel. The agents accosted them, showed their credentials and asked what the parcel contained. Schildwach replied that it was "just some junk" which he was taking to a pawn broker to sell. The agents testified that he voluntarily opened the parcel which was a cardboard box containing a pair of scales, graduated in kilograms and with porcelain pans, such as are appropriate for weighing drugs. Both Schildwach and Adelman denied that they had just come from Adelman's apartment and said that they had met on Rodney Street. When Adelman was asked whether he had any narcotics in his apartment, he replied that he had not and invited the agents to "come up and see." The four men then proceeded to the apartment which Adelman opened with his key. He explained to his wife that the men were narcotic agents and according to their testimony, she repeated the invitation to search the premises. They found in a closet various implements suitable for cutting morphine. Upon the cutting rack and saws were discovered traces of a white substance which by taste and a chemical test the agents identified as morphine. Adelman, his wife and Schildwach were then placed under arrest. Subsequent investigation disclosed traces of morphine on the scales and box cover taken from Schildwach. Upon arraignment before a United States commissioner Adelman pleaded guilty to a charge of possessing three grains of morphine.

We have no doubt of the sufficiency of the evidence both on the conspiracy count and the substantive count. Adelman and Schildwach were seen together coming out of the building where Adelman had his apartment, not only on January 3rd but also on prior days. Schildwach carried scales which had been used to weigh morphine. The tools discovered in Adelman's apartment were appropriate for cutting morphine and had at some time been used for that purpose. The inference was strong that both defendants were concerned in cutting narcotics for trade and were in possession of the morphine found on the tools. It is urged that possession must be conscious and voluntary and that there was no evidence that Adelman knew the morphine was on his tools. He said that he had used the implements in a restaurant business for slicing ham. But the jury were not compelled to credit this story, and obviously they did not. If the defendants had used the equipment for cutting morphine, as the jury could reasonably find, then they were voluntarily in possession of such morphine as adhered to the tools. Nor is there merit in the contention that the crimes were not proved because the small quantity of morphine which the agents scraped from the tools had evaporated when subjected to a chemical analysis by the government chemist, and so was not actually seen by the jury. Its physical presence was unnecessary if the agents' testimony was credited. Even circumstantial evidence of the corpus

delicti, if convincing, is sufficient. St. Clair v. United States, 154 U.S. 134, 152, 14 S.Ct. 1002, 38 L.Ed. 936; Perovich v. United States, 205 U.S. 86, 27 S.Ct. 456, 51 L.Ed. 722; Wagner v. United States, 8 Cir., 8 F.2d 581, 586.

 In support of his second contention the appellant relies upon Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L. Ed. 1009. There a defendant who had pleaded "guilty" to an indictment was allowed to withdraw his plea and go to trial on the substituted plea of "not guilty." Upon the trial his withdrawn plea was received in evidence as an admission. This was held error. When a court allows a defendant to withdraw a plea of "guilty" it is because the court finds that circumstances exist which make it unfair to hold him to it. Such circumstances make it equally unfair to use it against him as an admission. The Kercheval case deals only with a plea withdrawn with leave to substitute a plea of not guilty. When a defendant pleads guilty before a commissioner who has no power to do more than hold him for bail, he does not have to withdraw this plea in order to plead not guilty to the indictment. The plea before the commissioner had not been held to have been obtained by unfair practice and we see no reason why it might not be received in evidence as freely as any extra-judicial admission of guilt. See Levey v. United States, 9 Cir., 92 F.2d 688, 692; Commonwealth v. Crecorian, 264 Mass. 94, 162 N.E. 7; State v. Blay, 77 Vt. 56, 58 A. 794; People v. Jacobs, 165 App.Div. 721, 151 N.Y.S. 522; People v. Sanderson, 129 Cal.App. 531, 18 P.2d 982.

Prior to trial Adelman moved to suppress the evidence obtained by the agents' search of his apartment. He presented affidavits that he had not consented to it. This was disputed by the opposing affidavit. Judge Byers ruled that the issue of consent should not be determined upon affidavits and denied the motion without prejudice to renewal upon the trial. Certainly it was within Judge Byers' discretion to decide that oral testimony was necessary and to leave decision to the trial judge. Upon the trial no testimony was offered except that of the agents. Adelman neither took the stand nor called any witness. The trial judge believed the agents when they testified that Adelman and his wife invited them to search the premises. There was no inherent improbability in testimony of

their consent for the defendants may well have believed that they had so completely disposed of all traces of morphine that none would be discovered. There is no reason to reverse the judge's ruling on that question. United States v. Bianco, 2 Cir., 96 F.2d 97, 98. The contention that it should have been submitted to the jury is contrary to authoritative decisions. Ford v. United States, 273 U.S. 593, 605, 47 S. Ct. 531, 71 L.Ed. 793; Gila Valley, G. & N. R. Co. v. Hall, 232 U.S. 94, 103, 34 S. Ct. 229, 58 L.Ed. 521; United States v. Jankowski, 2 Cir., 28 F.2d 800, 802.

Judgment affirmed.