**UNITED STATES v. DANZO et al.**

No. 72, Docket 20741.

Circuit Court of Appeals, Second Circuit.

Nov. 20, 1947.

Henry K. Chapman, of New York City, for appellant Danzo.

Morris E. Packer, of Brooklyn, for appellant Ragusa.

J. Vincent Keogh, U. S. Atty., of Brooklyn (Mario Pittoni, Asst. U. S. Atty., of Brooklyn, of counsel), for appellee.

Before SWAN, CHASE and CLARK, Circuit Judges.

PER CURIAM.

The only question presented by this appeal is the sufficiency of the evidence to show that the goods in question were stolen in interstate commerce. They were packed in carton 7029 which was delivered by truck from the manufacturer's plant in Brooklyn to Pier 48, North River, to be transported by the Erie Railroad to the purchaser, the Army Post Exchange, in Amarillo, Texas. The goods had been specially packaged for sale to the armed forces. The carton was not shipped out from Pier 48 but was found one week later in an automobile in which both appellants were riding in Brooklyn, one being the driver of the car. They testified that the carton was in the car when they borrowed it from Danzo's brother, and that they did not know what the carton contained. These statements were proved to be lies. It was also proved that just prior to their arrest they had sold articles such as the carton contained. Larceny, or the statutory unlawful taking, as well as any other crime, may be proved by circumstantial evidence. Dimmick v. United States, 9 Cir., 135 F. 257, 263; United States v. Adelman, 2 Cir., 107 F.2d 497, 498; United States v. De Normand, 2 Cir., 149 F.2d 622, 625, certiorari denied 326 U.S. 756, 66 S.Ct. 89, 90 L.Ed. 454. That the carton and its contents had been stolen and that the defendants knew this were facts fairly inferable from their possession of the goods under the circumstances above related. The issues were left to the jury under proper instructions and its verdict is conclusive. There is no merit in the appeal.

Judgments affirmed.