**STATE of Maine**

v.

**Gerard C. CASTONGUAY.**

Supreme Judicial Court of Maine.

March 30, 1970.

Hubert Ryan, County Atty., Farmington, for plaintiff.

Henry Steinfeld, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

WEATHERBEE, Justice.

On April 15, 1965 at about 2:55 o'clock in the afternoon a masked man entered the lobby of the Wilton Branch of the Depositors Trust Company and confronted the manager, four tellers and two customers with a loaded revolver. While the others stood with hands above their heads, a teller, Brent E. McDonald, and another employee of the Bank, at the robber's direction, filled three bags with currency belonging to the Bank. The robber then ordered Mr. McDonald to carry the money to the robber's car which Mr. McDonald did. The masked man then drove away.

The Bank was a member of the Federal Reserve System and its deposits were insured by the Federal Deposit Insurance Corporation. Both State and Federal officers investigated the crime. A few days later the Defendant was arrested. On May 14, 1965 he entered a plea of guilty in the United States District Court, District of Maine, to an information charging him with a violation of 18 U.S.C. sec. 2113(a), the Federal bank robbery statute.

In October, 1965, the Franklin County Grand Jury indicted Defendant for robbery of Brent E. McDonald. Defendant was tried and found guilty and his conviction was set aside by this Court in State v. Castonguay, Me., 240 A.2d 747 (1968) when the record disclosed a trial error which does not concern us here. At that time, however, we adopted the reasoning of the United States Supreme Court in Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) which held that the Fifth Amendment does not, through the due process clause of the Fourteenth Amendment, prohibit State prosecution following Federal prosecution for a crime based on the same facts. We agreed that acts which constitute a crime under Federal law may also constitute a crime under State law and vice versa.

Defendant was again tried in the Franklin County Superior Court. Trial was had before a Justice, Defendant having waived jury trial. The Justice found Defendant guilty of robbery and the matter comes before us again on Defendant's appeal. The appeal presents a single issue—whether the Presiding Justice erred in admitting into evidence the Defendant's plea of guilty to the information in the United States District Court.

The Federal crime of bank robbery is described by 18 U.S.C. § 2113(a) as follows:

"Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association * * *."

Subsection (f) defined "bank" in a manner which included the Depositors Trust Company.

■ 17 M.R.S.A. § 3401 creates our statutory offense of robbery.

"Whoever, by force and violence or by putting in fear, feloniously steals and takes from the person of another prop-

erty that is the subject of larceny is guilty of robbery * * *."

(Our Court has described robbery as "larceny committed by violence from the person of one put in fear". State v. Perley, 86 Me. 427, 30 A. 74 (1894); State v. Greenlaw, 159 Me. 141, 189 A.2d 370 (1963) ).

The Federal information to which Defendant pleaded guilty read:

"That on or about April 15, 1965, at Wilton, in the Southern Division of the District of Maine, GERARD C. CASTONGUAY, by force and violence and by intimidation, knowingly, willfully, and feloniously did take from the persons and presence of employees of the Depositors Trust Company, Wilton, Maine Branch, Sixty-three Thousand Seven Hundred Seventy-seven Dollars ($63,-777.00) in money, belonging to and in the care, custody, control, and possession of the said bank, said bank being a member of the Federal Reserve System and a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a)."

The Franklin County indictment upon which Defendant was found guilty read, in pertinent part:

"The jurors aforesaid, on their oath aforesaid, do further present that Gerard C. Castonguay, of Livermore Falls, in the County of Androscoggin and State of Maine, on the fifteenth day of April in the year of our Lord one thousand nine hundred and sixty-five, at Wilton in said County of Franklin, being then and there armed with a dangerous weapon, to wit, a revolver then and there loaded with powder and leaden bullets, on one Brent E. McDonald feloniously did make an assault, and by force and violence, money, to wit, sundry national bank bills, United States treasury notes and certificates, and Federal Reserve bank bills, all current as money in the United States of America, of the property of Depositors Trust Company, a corporation duly organized and existing by law and having its principal place of business at Augusta in the County of Kennebec and State of Maine, from the person of the said Brent E. McDonald, who was then and there an employee of said Depositors Trust Company, feloniously did steal, take and carry away."

(It would seem appropriate to point out here that the allegation concerning the weapon is surplusage.)

It is immediately obvious that although the two statutes do not charge identical crimes, many of their component parts are the same. The same is true of the Federal information and the State indictment.

Defendant's plea of guilty to the Federal information constituted an admission as to several mutually component parts. It admitted that 1) on or about April 15, 1965 2) he took from the persons of employees of the Wilton Branch of the Depositors Trust Company 3) at Wilton 4) by force and violence and intimidation 5) $63,777.00 in money belonging to the Bank.

The Presiding Justice admitted Defendant's plea in the Federal Court not as an admission of guilt as to the State charge but as an admission against interest that he did the acts charged in the Federal information. A plea of guilty is an admission that the Defendant committed the acts charged against him. Jenness v. State, 144 Me. 40, 64 A.2d 184 (1949); State v. Call, 100 Me. 403, 61 A. 833 (1905); Commonwealth v. Devlin, 335 Mass. 555, 141 N.E. 2d 269 (1957). The test of admissibility of a plea of guilty (unless it is barred by particular considerations such as lack of voluntariness and overriding danger of prejudice) is essentially one of relevance.

Evidence that is otherwise competent and relevant to prove a Defendant's guilt of the particular crime charged is not made inadmissible by the fact that it

also, but incidentally, tends to prove him guilty of another distinct crime. An admission by plea of guilty that a Defendant committed certain acts is no less admissible than would be his oral statement that he had committed the acts. The test is whether the admission fairly tends to prove the particular offense currently charged or an essential element of the particular offense currently charged. Commonwealth v. Crecorian, 264 Mass. 94, 162 N.E. 7 (1928); People v. Epping, 17 Ill.2d 557, 162 N.E.2d 366 (1959); United States v. Prince, (3rd Cir. 1959) 264 F.2d 850; United States v. Stirone, (3rd Cir. 1958) 262 F.2d 571, 576; Outz v. State, 29 Ga. App. 403, 116 S.E. 123 (1923); Saffel v. State, 115 Tex. Cr.R. 578, 28 S.W.2d 169 (1930); 20 Am.Jur.2d, Evidence, § 527; 22A C.J.S. Criminal Law § 683; Wharton's Criminal Evidence, 12th Ed., § 345; Wigmore on Evidence, 3rd Ed., § 1066. If the admission by plea is relevant and otherwise competent, the fact that the plea was made in the State courts has been held not to bar its admission in trial of a Federal charge which requires an additional element of proof. Myers v. United States, (4th Cir. 1931) 49 F.2d 230, cert. denied, 283 U.S. 866, 51 S.Ct. 657, 75 L.Ed. 1470; United States v. Andreadis, 238 F.Supp. 802 (D.C.N.Y.1965). The same principle would hold as to admissibility of a federal court plea in a state court trial.

■ The action of the Justice was correct—provided he could find that the acts charged in the Federal information in fact included some or all of the same acts charged in the State indictment. We find the evidence overwhelmingly supports his conclusion that they were the same acts.

There was uncontradicted testimony that the robbery referred to in the State indictment occurred just before 3 P.M. April 15. The lone robber wore one glove and a bandana handkerchief and dark reflector-type glasses which covered his face. Threatening his victims with a loaded revolver which he frequently cocked and uncocked, he ordered Brent E. McDonald, who was an employee of the Bank, and another employee to fill three money bags with paper money, which they did as a result of his threatening gestures. The money was the property of the Bank. After forcing McDonald to carry the money out to his car, the robber drove away alone.

No witness was able to identify the robber. However, it becomes abundantly clear that the two charges refer to the same act of robbery when we consider further evidence. On the same April 15 Special Agents of the F.B.I. came to Wilton to investigate a Wilton Bank robbery which had occurred that day and as a joint result of their efforts and those of State officers the Defendant was arrested by Federal officers on April 21 and the Federal charge referred to was brought against him. During questioning by the officers Defendant made certain admissions which the Justice properly found were voluntary. He said that he had "worked alone" on the bank robbery (a statement he later attempted to retract), that the robbery had taken place at 2:50 or 2:55 P.M. on April 15, 1965, that he had stolen the getaway car a half hour before, that he wore one glove so that he wouldn't leave fingerprints on the gun, that he was nervous during the robbery, that he didn't know the amount of money he had gotten in the robbery until he heard it on a news broadcast, that the money was hidden on his farm. On February 28 the officers took him to Wilton where he showed them buried bags with Depositors Trust Co. markings containing $40,200 parcelled in Depositors Trust Company wrappers. Nearby they found a .45 calibre revolver.

While Defendant did not state specifically to the officers that he was the masked man who entered and robbed the bank, such an inference can reasonably be drawn from his admissions and the other evidence. While the evidence did not state

specifically that only one robbery was perpetrated in the Wilton Bank on April 15, it seems fair to say that the Presiding Justice could hardly have drawn a contrary inference. The evidence clearly demonstrated that the Wilton bank robbery to which Defendant had admitted in the Federal Court was the same robbery charged in the State indictment. The Justice found that the two presentments charged different offenses but the same acts and we find no error in this.

■ The Defendant's plea of guilty to the Federal information properly constituted an admission of certain facts which were relevant to the State's charge and the probative value of the admission was for the Justice sitting as tryer of the facts.

Although the Defendant has not questioned the sufficiency of the admitted evidence to sustain a verdict of guilty, we note that the *additional* elements of the State's charge—identification of the employee from whose person the money was taken, proof of the assault and the intent to permanently deprive the owner of its property—were fully supplied by the testimony.

Appeal denied.

MARDEN, J., does not concur.