**Clarence Asel BEARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45108.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Franklin R. Navarro, Michael T. Brimble, Houston (on Appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Alfred Thomas, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for subsequent offense of driving while intoxicated (Article 802b, Vernon's Ann.P.C.). After the jury had returned a verdict of guilty, the court assessed the punishment at

two and one-half months in jail and a fine of One Hundred Dollars.

At the outset, appellant contends the court erred in overruling appellant's motions to take depositions prior to trial.

Appellant filed applications to take depositions of three persons. In all applications, appellant sets forth as his basis for making such application "for the reason defendant seeks to preserve the testimony of . . . to insure that his testimony will be available for trial in the event that one of the contingencies set forth in Art. 39.12 of the Texas Code of Criminal Procedure should, in fact, arise. . . ."

Article 39.02, Vernon's Ann.C.C.P., provides:

"Depositions of witnesses may be taken by the defendant. When the defendant desires to take the deposition of a witness, he shall, by himself or counsel, file with the clerk of the court in which the case is pending an affidavit stating the facts necessary to constitute a good reason for taking the same, and an application to take the same. Provided that upon the filing of such application, and after notice to the attorney for the state, the courts shall hear the application and determine if good reason exists for taking the deposition. Such determination shall be based on the facts made known at the hearing and the court, in its judgment shall grant or deny the application on such facts.

"Amended by Acts 1967, 60th Leg., p. 1741, ch. 659, § 24, eff. Aug. 28, 1967."

 Appellant has failed to set forth in his application facts necessary to constitute good reason for taking the depositions. Further, the record does not reflect what facts, if any, were made known in support of such applications at the hearing on same. The trial court has wide discretion in either granting or denying applications for depositions. Aguilar v. State, Tex.Cr.App., 468 S.W.2d 75. See Tucker v. State, Tex.Cr. App., 461 S.W.2d 630; Langston v. State,

Tex.Cr.App., 416 S.W.2d 821. No abuse of discretion is shown in overruling appellant's applications for depositions.

Appellant next contends that the court erred in admitting into evidence an extraneous felony conviction. The indictment alleges that appellant was previously convicted on March 7, 1961, in County Court at Law No. 3 of Harris County, Texas, in Cause No. 150807, of driving and operating a motor vehicle upon a public highway while intoxicated. After the complaint, information and judgment, in 150807, were introduced into evidence and while Harris County Deputy District Clerk Roman was on the stand, the following occurred during direct examination by the State:

"Q Did you have occasion today to also bring the papers in Cause No. 111416?

"A Yes, sir.

"Q And in the papers of that case, is it indicated that a person by the name of Clarence Asel Beard admitted that he was the same person that was convicted in Cause No. 150807.

"A Yes."

The fingerprints and signature on the appearance bond in Cause No. 111416 were admitted into evidence. The fingerprints and the signature on the appearance bond, in the instant case, were introduced into evidence. Identification Officer Scott testified that the fingerprints on the appearance bond in Cause No. 111416, the fingerprints on the bond in the instant case, and the fingerprints of appellant taken since the instant trial began are fingerprints of the same person. Through the appellant's admission in Cause No. 111416, in which he acknowledged he was the person convicted in Cause No. 150807, and the comparison of fingerprints in Cause No. 111416 and in the instant case, the State was able to prove that appellant was the same Clarence Asel Beard who was convicted in Cause No. 150807 relied on in this cause for a previous offense.

Voluntary admissions of a party in one judicial proceeding are admissible against him in other judicial proceedings to which he may also be a party. Wingate v. State, Tex.Cr.App., 365 S.W.2d 169. See Saffel v. State, 115 Tex.Cr.R. 578, 28 S.W.2d 169; 24 Tex.Jur.2d Evidence, Sec. 630. Further, we fail to find evidence of an extraneous felony offense as contended by appellant. No error is shown.

Appellant complains of the court's admission of the results of appellant's urine test into evidence. In support of this contention, appellant alleges that he was not taken immediately before a magistrate after his arrest; that he was not given warning of his right to refuse to give the test; that there was no waiver of counsel at this stage of the proceedings; that the State failed to produce the consent of appellant and there was failure of proof that the urine sample taken by the officer was the same sample tested by the chemist.

The record regarding the admission of the urine sample reflets the following:

"Mr. Thomas (Counsel for State): Judge, it (urine sample) hasn't been admitted into evidence.

"Mr. Navarro (Appellant's Counsel): I am offering it.

"Mr. Thomas: He is offering State's Exhibit No. 1 (urine sample) in evidence?

"Mr. Navarro: Right."

Appellant's objections are directed to the admission of the urine sample. Appellant, having introduced the urine sample into evidence, cannot complain about evidence which he introduced. Cook v. State, Tex. Cr.App., 409 S.W.2d 857; Garza v. State, Tex.Cr.App., 397 S.W.2d 847; Long v. State, Tex.Cr.App., 375 S.W.2d 913.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.