Jack Rosenberg, J.
Defendant herein moves for an order directing the Probation Department to conduct a presentence investigation and report prior to pleading; and further, directing that any statements made by him to the Probation Department during such an investigation be excluded from use by the prosecutor in the event of trial.
The People oppose the motion on the ground that no authority exists for such an investigation and report prior to conviction.
"The Criminal Procedure Law makes no provision for investigations by the Department of Probation in advance of conviction. Sections 390.20, et seq. provide only for pre-sentence reports once a defendant has been convicted. Defendant relies on Criminal Procedure Law § 390.20(3) for the proposition that this Court '[f]or purposes of sentence,* * * may, in its discretion, order a pre-sentence investigation and report in any case’, and that therefore, a pre-sentence report may be ordered in advance of plea. However, it is clear from the remainder of Section 390.20 that the statutory scheme is predicated on the assumption that a conviction already exists * * * Therefore, the Criminal Procedure Law is silent concerning authority of this Court to order a prepleading investigation” (People’s affirmation of July 27, 1976).
While it is true that the language of the applicable statute does not specifically authorize a prepleading investigation report, it is the opinion of this court that strong public policy considerations, relevant to the whole scheme of plea bargaining, mandates a prepleading investigation report whenever it will reasonably aid in expediting the administration of justice.
In People v Selikoff (35 NY2d 227, 233-234) Chief Judge Breitel delivered an impressive analysis and evaluation of the theory and practice of plea bargaining. Pertinent portions read in part: "Plea negotiations, of course, serve many other needs. They relieve the prosecution and the defense too, for that matter, from 'the inevitable risks and uncertainties of *1081 trial’ [citation omitted]. The negotiation process which results in a guilty plea telescopes the judicial process and the necessarily protracted intervals involved in charge, trial, and sentence, and even appeals, hopefully starting the offender on the road to possible rehabilitation [citation omitted]. The process also serves significant goals of law enforcement by permitting an exchange of leniency for information and assistance [citation omitted].
"Perhaps most important, plea negotiation serves the ends of justice. It enables the court to impose 'individualized’ sentences, an accepted ideal in criminology, by avoiding mandatory, harsh sentences adapted to a class of crime or a group of offenders but inappropriate, and even Draconian, if applied to the individual before the court [citation omitted]. Obviously no two defendants are quite alike even if they have committed, in legal definition, identical offenses. The negotiation process often brings to light mitigating circumstances unknown when the defendant was charged [citation omitted].”
In the instant motion, the court is faced with a novel question. Here, the defendant, in the course of his negotiations for a plea with the prosecution, prior to reaching a satisfactory agreement, expresses the desire to submit himself to an investigation by the Probation Department even before he has reached an agreement with the prosecutor and the court on an appropriate guilty plea. But while so offering he seeks to protect himself against the possibility that any admissions he may make to the Probation Department in its investigation of him will not become available for use by the People in his trial, if the plea negotiation process should thereafter come to naught because no agreement satisfactory to him, the prosecution and the court can be reached. There is also the problem raised by the People, that there is serious question as to whether there is authority in the CPL for the court to direct such an investigation by the Probation Department prior to conviction.
It is the view of this court that the comments of Chief Judge Breitel in Selikoff concerning the values which justify plea negotiations and the interests of justice require the granting of the present motion in both of its aspects.
First, while it is true that CPL 390.20 does not authorize a presentence investigation prior to defendant’s being convicted, it is also clear that nothing in that section or elsewhere in the CPL bars such an investigation. And there can be no question *1082 that the earlier the court has available the information developed. by the Probation Department’s investigation, the better equipped the court will be to determine whether the offer of the defendant to plead to some lesser offense than the most serious of the offenses charged in the indictment should be accepted. The early availability of information to the court on the defendant’s background and his claims as to what it is he had done as compared with what he is charged with will help him determine most judiciously whether the defendant’s plea should be accepted as well as to decide what sentence he should impose. When a defendant manifests a desire to subject himself to such prepleading investigation because he hopes thereby better to evaluate his options and his chances of making a desirable plea negotiation, neither he nor the court should be denied this opportunity to operate more effectively simply because the prosecutor, who also must make a similar judgment in terms of the time and costs to be saved by the People as against the People’s need to see full justice done, crime deterred and punished, law maintained and the speediest possible rehabilitation of convicted criminals achieved, is opposed.
This leads us to the second branch of the defendant’s motion hereunder consideration, that the court direct that any statements made by the defendant to the Probation Department during such prepleading investigation be excluded from use by the prosecutor in the event of a trial. In People v Spitaleri (9 NY2d 168) our Court of Appeals, speaking through Chief Judge Desmond, refused to follow People v Steinmetz (240 NY 411) which held that the taking of evidence of proof of an earlier plea of guilty which the court had allowed a defendant to withdraw was not error. Instead, it said (p 172): "The question is not whether a plea of guilty is a confession of guilt and provable as such. Of course it is [citations omitted]. But we are inquiring into something quite different. We must say whether it is lawful in New York for a court, after allowing a guilty plea to be set at naught, to allow a jury to use the same plea as proof of guilt. Such distortion of purpose should not be allowed. The State of New York should scorn to make use of it. As the Federal Court of Appeals for this circuit put it, 'When a court allows a defendant to withdraw a plea of "guilty” it is because the court finds that circumstances exist which makes it unfair to hold him to it. Such circumstances make it equally unfair to use it against him as an admission’ (United States v. Adelman, 107 F.2d 497, 499).”
*1083 In People v Rodriquez (48 AD2d 691) the Appellate Division reached a similar conclusion with respect to statements made by a defendant to a representative of the Pretrial Services Agency in connection with an application to be released on his own recognizance. The court said: "In our opinion, the prosecution should not use the statements of defendant obtained by the agency since they were obtained primarily for the purpose of determining whether defendant will be eligible for release on his own recognizance.”
Both these cases make it clear that in the instant situation the statements of the defendant obtained for the purpose of aiding the defendant in his consideration of the best plea he can take and aiding the court to determine which plea it would be willing to accept, should not later be usable, if the plea negotiation proves fruitless, by the prosecutor at the trial. This conclusion is reinforced by the realization that if the People’s objection to following such a course is sustained, the prosecutor is left with power to veto the court’s efforts to insure the fullest possible justice in plea negotiations by first objecting to a prepleading requested by a defendant for such an investigation and second being left able to use any statement the defendant makes to the investigator in any trial which would result if the plea negotiations failed. This would hardly advance the interests of justice or facilitate the process of plea negotiation.
The motion is granted.