STATE of Maine

v.

**Darold DUBE.**

Supreme Judicial Court of Maine.

Argued March 15, 1984.

Decided Aug. 9, 1984.

John D. McElwee, Dist. Atty., Robert Bellefleur (orally), Asst. Dist. Atty., Caribou, for plaintiff.

John M. Pluto (orally), Van Buren, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

Darold Dube appeals a judgment of conviction entered by the Superior Court, Aroostook County, after a jury found him guilty of Reckless Conduct with a Dangerous Weapon (Class C). 17–A M.R.S.A. §§ 211 and 1252(4) (1983). He claims that on two evidentiary points the trial justice committed error requiring this Court to

vacate the judgment and remand the case for a new trial. We find no grounds for disturbing the judgment, however, because any error committed by the trial court in ruling on the evidence challenged by defendant did not affect defendant's substantial rights. M.R.Crim.P. 52(a). Defendant also claims that the justice below should have imposed sanctions against the State for its failure to grant discovery. M.R. Crim.P. 16(a) and (d). Assuming, without deciding, that the State violated Rule 16(a), we find no abuse of discretion on the part of the trial justice in refusing to impose sanctions. Accordingly, we affirm the judgment.

Defendant was charged by indictment with recklessly discharging a firearm across and into Eagle Lake on or about August 1, 1982, creating a substantial risk of serious bodily injury to two persons in a canoe.[1] At trial, the prosecutor's chief witness, Rita Roy, testified that on the afternoon of August 1, she visited defendant's next door neighbor, Lionel Smart, at his camp on Eagle Lake. At approximately two o'clock that afternoon while seated on a swing on the lake side of Smart's camp, Roy heard gunshots coming from defendant's front porch and observed one shot hit near a loon swimming in front of the camps. The shooting resumed approximately five to fifteen minutes later at which time Roy observed a shot hit the water in the vicinity of two people in a canoe. Although Roy did not see the person who fired the shots, she did observe a rifle barrel sticking out from the corner of defendant's porch and saw powder smoke come from the barrel at the time the shots were fired.

Roy testified that she assumed defendant fired the shots that hit near the loon and the canoeists because of observations she made of defendant's camp earlier that afternoon. The witness stated that when she arrived at Smart's camp at approximately 1:30 p.m., she saw defendant and another man sitting outside defendant's camp. Before the shooting started, she saw the other man start his motorcycle and observed that motorcycle leave the camp. Roy could not positively identify the person who left on the motorcycle, but she testified that she knows defendant owns a motorcycle and the motorcycle that left was smaller than the one belonging to defendant. Defendant does not dispute that this evidence, if believed by the jury, was legally sufficient to convict him of the crime charged.

The first error raised by defendant concerns part of the testimony of Corporal Ross Gatcomb, a Maine State Police officer who, along with Officer James Caron, investigated the complaint against defendant. Gatcomb first testified to the facts of his investigation, including the fact that defendant admitted to him during questioning that he fired a gun over Eagle Lake on the afternoon of August 1, 1982, and at one point during that afternoon shot at a loon. The prosecutor then elicited testimony concerning Gatcomb's knowledge of firearms and firearm safety. Specifically, the witness testified that he was at the time of trial a certified firearms instructor at the Maine Criminal Justice Academy and that it is considered a serious safety violation to fire a gun over a body of water because bullets tend to mushroom upon impact and can richochet off the water's surface in any direction. He testified further that a bullet from a high powered rifle could inflict serious injury or death for up to one-half mile after it strikes water. The witness was then allowed to testify over defendant's objection that the shore across from defendant's camp is approximately one-half

---

1. The indictment charged as follows:

 Violation 17–A M.R.S.A. § 211
 Reckless conduct with a dangerous weapon—Class C
 That on or about August 1, 1982, at Eagle Lake, County of Aroostook and State of Maine, DAROLD DUBE did, with the use of a dangerous weapon, namely, a firearm, recklessly create a substantial risk of serious bodily injury to other persons, to wit: the said DAROLD DUBE discharged several shots from a firearm across and into Eagle Lake, · the said shots striking a short distance from two persons in a canoe.

mile away and that camps are located on the opposite shore. The obvious suggestion made by Gatcomb's testimony was that any firing defendant might do over the water in front of his camp would endanger persons on the shoreline opposite defendant's camp. Defendant's objection was based on his contention that the testimony was irrelevant and was likely to confuse the jury.

■ We agree that the testimony concerning the potential danger to persons on the opposite shore of Eagle Lake was irrelevant since it did not tend to prove or disprove that defendant's shooting created a substantial risk of serious bodily injury to the two persons in the canoe, as charged in the indictment. M.R.Evid. 401. Its admission, therefore, was error. M.R.Evid. 402.

■ Having determined the erroneous admission of this evidence over the timely objection of defendant, we must next determine whether such admission affected any substantial rights of the defendant. The standard applicable in this case is whether it is highly probable that the erroneous admission of this irrelevant evidence did not affect the verdict of the jury. *State v. Fredette,* 462 A.2d 17, 25 (Me.1983). *See State v. Zinck,* 457 A.2d 422, 426 (Me.1983); *State v. True,* 438 A.2d 460, 467 (Me.1981).

■ We conclude that the jury instructions given by the presiding justice cured any error that may have been created by the admission of Gatcomb's testimony. An examination of the instructions indicates that the justice read the indictment to the jury, explaining that defendant was alleged to have recklessly created a substantial risk of serious bodily injury in shooting a short distance from two persons in a canoe. The justice also instructed the jury that to convict defendant of the crime charged, it had to find the evidence proved beyond a reasonable doubt that the situation described in the latter part of the indictment had occurred. The justice's instructions made

it sufficiently clear to the jurors that the State had to prove that defendant created a substantial risk to the canoeists and not to those people on the opposite shore of Eagle Lake. Under these facts, the jury could not be confused as to what facts it had to find to convict. In those circumstances, we are satisfied that it is highly probable that the erroneous admission of the irrelevant evidence did not affect the jury's verdict. The error was therefore harmless.

■ The second claim of error raised by defendant concerns the admission of a certified copy of a conviction of Darold Dube in District Court of illegally hunting a federally-protected wild bird.[2] 12 M.R.S.A. § 7456(3) (1981). Defendant objected to its admission on the ground of inadequate foundation. Defendant's objection should have been sustained because the State failed to produce any evidence that defendant is the same person named in the document admitted into evidence. Even assuming, however, that the State had produced sufficient evidence to tie defendant to the record of conviction, the document does not tend to prove any fact of consequence to the crime charged. *State v. Castonguay,* 263 A.2d 727, 730 (Me.1970). It is unspecific as to date, time of day and place the "hunting" took place and no testimony given at trial links the certified record to the behavior of defendant on the afternoon of August 1, 1982, that formed the basis for the charge set out in the indictment. The record of conviction cannot even be used for the limited purpose for which the trial justice explicitly admitted it—as an admission that defendant shot a gun on August 1, 1982—since the document itself fails to specify what method Darold Dube used to "hunt" the loon. Without a foundation tying the record of conviction to the specific acts that formed the basis for the prosecution of defendant on the reckless conduct charge, the document is irrelevant and should not have been admitted as part of the State's case in chief.

---

2. The guilty plea on the illegal hunting charge was entered in the District Court, District One,

Division of Western Aroostook, on October 6, 1982.

■ The admission of the document was harmless error, however, since it was at best cumulative of the testimony given by Corporal Gatcomb and Officer Caron who swore under oath that defendant admitted to them during their investigation that he fired a gun across Eagle Lake on the afternoon of August 1 and, on one occasion during that day, shot at a loon. M.R. Crim.P. 52(a). The officers' testimony was admissible, of course, as an admission of a party opponent. M.R.Evid. 801(d)(2)(A).

■ Defendant's final point on appeal is that the trial justice erred in refusing to impose a sanction requested by defendant against the State under M.R.Crim.P. 16(d) for its failure to comply with the "automatic discovery" provisions of M.R.Crim.P. 16(a). The decision whether to impose a sanction under Rule 16(d) rests in the sound discretion of the trial court and will not be set aside by this Court absent a showing of an abuse of discretion.[3] *State v. Landry*, 459 A.2d 175, 177 (Me.1983); *State v. Barden*, 432 A.2d 404, 411 (Me.), *cert. denied*, 454 U.S. 1088, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981). Defendant maintains that since the State provided him with a copy of the investigating officers' report that contained only an admission by defendant that he "fired shots in order to release frustration toward Lionel Smart," but was unspecific as to the time, location or date of such shooting, the officers should have been prohibited from testifying at trial as to the specifics of the admission—namely that defendant fired a gun across and into Eagle Lake on the afternoon of August 1, 1982, and at one point shot at a loon.

■ Without deciding whether the State met its disclosure requirements under Rule 16, we note that defendant conceded at oral argument that he had been given the opportunity immediately prior to trial to speak to the officers about their testimony but that he decided against speaking to them. We will not hold that it was an abuse of discretion for the trial justice to refuse to exclude the officers' testimony where defendant was given the opportunity himself to cure the defect he alleges the State created by its non-disclosure. *Cf. State v. Barden*, 432 A.2d 404, 411–12 (Me.), *cert. denied*, 454 U.S. 1088, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981) (a defendant's acquiescence in the State's Rule 16 violation recognized by the Court as a "trial tactic" barring a subsequent complaint by the defendant that the trial justice abused his discretion in refusing to prevent the State from using the previously undisclosed material at trial); *State v. Smith*, 400 A.2d 749, 757 (Me.1979) (assuming a Rule 16 violation, where trial justice expressed receptiveness to granting motion for continuance, decision by the defendant to forego moving for a continuance recognized by the Court as a "tactical" decision made by defendant to preserve the strength of his argument relating to denial of a speedy trial, and the refusal of the justice to impose sanctions did not constitute an abuse of discretion).

The entry is:

Judgment affirmed.

All concurring.

---

3. Rule 16(d) provides:
 RULE 16. DISCOVERY BY THE DEFENDANT
 \* \* \* \* \* \*
 (d) Sanctions for Noncompliance.
 If the attorney for the State fails to comply with this rule, the court on motion of the defendant or on its own motion may take appropriate action, which may include, but is not limited to, one or more of the following: requiring the attorney for the State to comply, granting the defendant additional time or a continuance, relieving the defendant from making a disclosure required by Rule 16A, prohibiting the attorney for the State from introducing specified evidence and dismissing charges with prejudice.