Chief Judge Desmond.
Defendant was convicted by a jury in Queens County Court of the felony of possessing a quantity of the narcotic' drug heroin with intent to sell it (Penal Law, § 1751, subd. 2). The affirming majority in the Appellate Division filed no opinion. The two Justices who dissented wrote that ‘ ‘ it was error, warranting reversal and a new trial, to admit over defendant’s objections, as part of the People’s direct case, evidence that the defendant had pleaded guilty to an attempt to commit the crime charged and, with the court’s consent, had withdrawn such guilty plea and' substituted a plea of not guilty ”. The dissent cited Kercheval v. United States (274 U. S. 220) as its authority and referred to People v. Steinmetz (240 N. Y. 411) and People v. Ariano (264 App. Div. 426).
Although defendant as his own witness at the trial denied his guilt, he does not now dispute that the People’s proof was enough for conviction. He does press on us the point made by the dissenting Appellate Division Justices — that it was injustice and error to lay before the jury as evidence of his guilt his earlier plea of guilty which the court had allowed him to withdraw. This major question of law and justice has not been before us since 1925 when in People v. Steinmetz (240 N. Y. 411, supra) this court ruled that the taking in evidence of proof of an earlier withdrawn guilty plea in the same case was not error. Actually, the Steinmetz case could be distinguished here since the showing that Steinmetz had pleaded guilty came in during his cross-examination (see Steinmetz opinions in the Appellate Division, 209 App. Div. 83). It would not be incorrect, there *171 fore, to say that we have never had occasion to decide whether the prosecution on its own direct case may present such evidence. However, the Steinmets opinions in this court dealt with the larger question. The majority regarded Steinmetz’s plea of guilty as a confession of guilt and probative of the facts constituting the crime, a position which makes no distinction between direct proof by the People and cross-examination of the defendant if he goes onto the witness stand. It would be possible, also, on the present record to take a still narrower ground of decision. The guilty plea which was made by this defendant and withdrawn and then proven before the jury was not a plea to the indictment’s charge of feloniously possessing heroin but to an attempt to commit that crime. It is hard to ascribe any meaning to an admission of an attempt to possess something. We could hold that such a plea, whatever it amounts to for pleading purposes, is not a confession of actual possession. However, defendant neither here nor at the trial made any such argument and, since under New York law (see Penal Law, § 2; People ex rel. Blumke v. Foster, 300 N. Y. 431) there can (apparently) be a crime of “ attempt ” to commit any other listed crime, we will pass the point.
Two years after this court decided People v. Steinmetz (supra), the United States Supreme Court in Kercheval v. United States (274 U. S. 220 [1927], supra) unanimously gave a negative answer to the question of whether a plea of guilty withdrawn by leave of court is admissible against the defendant on the trial of the issue arising on a substituted plea of not guilty. The court’s conclusion was that “ the weight of reason is against the introduction in evidence of a plea of guilty withdrawn on order of court granting leave and permitting the substitution of a plea of not guilty.” Justice Butlee’s opinion in Kercheval reasoned it out like this (pp. 223-224): “ A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. * * * But, on timely application, the court will vacate a plea of guilty shown to have been unfairly *172 obtained or given through ignorance, fear or inadvertence. * * * The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just. * * * The effect of the court’s order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. * * * As a practical matter, it could not be received in evidence without putting petitioner in a dilemma utterly inconsistent with the determination of the court awarding him a trial. * * * £ The withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty.’ ”
This cogent reasoning soon had its effect not only in the Federal courts (which were bound by Kercheval, supra) but in State court holdings. Faced with a choice between the conflicting rules of Steinmetg (supra) and Kercheval, high State courts from State v. Anderson (173 Minn. 293 [1927]) down to State v. Thomson (203 Ore. 1 [1954]) and State v. Joyner (228 La. 927 [1955]) have held that the admission in evidence of a stricken plea of guilty is reversible error. The question is not whether ■a plea of guilty is a confession of guilt and provable as such. Of course it is (see People v. Bretagna, 298 N. Y. 323, cert. denied 336 U. S. 919; Ando v. Woodberry, 8 N Y 2d 165). But we are inquiring into something quite different. We must say whether it is lawful in New York for a court, after allowing a guilty plea to be set at naught, to allow the jury to use that same plea as proof of guilt. Such a distortion of purpose should not be allowed. The State of New York should scorn to make use of it. As the Federal Court of Appeals for this circuit put it, ‘ ‘ When a court allows a defendant to withdraw a plea of ‘ guilty ’ it is because the court finds that circumstances exist which make it unfair to hold him to it. Such circumstances make it equally unfair to use it against him as an admission ” (United States v. Adelman, 107 F. 2d 497, 499).
The danger and injustice of the affirmative use of a withdrawn guilty plea could not be better illustrated than by this record. Not only was the former plea allowed in evidence on the People’s case over objection but the court’s charge discussed it at length *173 and referred to the plea as “in the nature of a confession ” and to a confession as being “ a direct acknowledgment of guilt ”. With this proof admitted against him defendant was in effect forced to take the stand. He swore that he had pleaded guilty on his lawyer’s advice, although protesting innocence, because the lawyer had promised to get him a suspended sentence. The dire impact on the defendant of all this discussion of his previous guilty plea was then made worse by the prosecution’s use as a witness of the lawyer (not trial counsel) who had acted for defendant at the time of the guilty plea. Defendant objected to his former lawyer’s taking the stand but the court held that defendant by giving evidence as to his dealings with the lawyer had waived the attorney-client privilege. So the lawyer was allowed to testify that the defendant had admitted to him the possession of the narcotic drug. We need not pass on the correctness of the court’s ruling as to waiver. We need not go so far as did Justice Rutledge when in his famous Wood opinion (Wood v. United States, 128 F. 2d 265, 274) he said that using a guilty plea as evidence forces a defendant “in substance if not in form ” to testify against himself. We should say flatly and finally that a plea so allowed to be withdrawn is out of the case forever and for all purposes.
The judgment should be reversed and a new trial ordered.
Judges Dye, Fuld, Froessel, Yah Voorhis, Burke and Foster concur.
Judgment reversed, etc.