**UNITED STATES of America ex rel. Curtis Orneal McKEITHAN, Relator,**
v.
**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
July 22, 1963.

Curtis Orneal McKeithan, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, for respondent; Mortimer Sattler, Asst. Atty. Gen., of counsel.

FREDERICK van PELT BRYAN, District Judge.

Petitioner McKeithan brings this application for a writ of habeas corpus upon the ground that he was denied due process of law at his trial in the County Court for Nassau County because the prosecution introduced into evidence: (1) proof that petitioner had pleaded guilty to the indictment upon which he was being tried, which plea had been withdrawn some time before trial with the permission of the court, and (2) a book of matches which had been taken from petitioner when he was first arrested but which was not returned to him upon his release from the original arrest.

Respondent opposes the application upon the ground that petitioner failed to exhaust his available State remedies and also upon the ground that the petition fails to raise a constitutional question. There has been submitted, in opposition, an affidavit, the stenographic transcript of the proceeding at which the guilty plea was taken, a letter from McKeithan to the judge before whom he pleaded guilty, the motion papers upon which petitioner was allowed to withdraw his plea and the judge's endorsement granting the motion, and the stenographic transcript of the trial.

Although the introduction of the withdrawn plea was not objected to on trial, the question was raised and passed upon on appeal and in my view respondent's exhaustion of remedies point is without merit.

Petitioner was tried in May 1960, some eight months before the New York Court of Appeals handed down its opinion in People v. Spitaleri, 9 N.Y.2d 168, 212 N.Y.S.2d 53, 173 N.E.2d 35, 86 A.L.R.2d 322 (1961), overruling People v. Steinmetz, 240 N.Y. 411, 148 N.E. 597 (1925) and holding that a withdrawn plea of guilty was not admissible in evidence in New York. His appeal to the Appellate Division was heard after the Spitaleri decision, however, and the issue was presented to that court.

The affirmance of petitioner's conviction rather plainly was predicated upon the view that the rule laid out in Spitaleri was evidentiary only and had no constitutional overtones. The Appellate Division held that although admission of the withdrawn plea was error, petitioner was not prejudiced since the proof of his guilt was overwhelming. It also noted defense counsel's failure to take an objection and concluded that the interest of justice did not require a new trial. People v. McKeithan, 14 A.D.2d 916, 223 N.Y.S.2d 707 (2nd Dept. 1961). The Court of Appeals affirmed without opinion, 12 N.Y.2d 718, 233 N.Y.S.2d 770, 186 N.E.2d 127 (1962), and the Supreme Court denied certiorari, 372 U.S. 971, 83 S.Ct. 1098, 10 L.Ed.2d 1033 (1963).

At the outset it should be noted that petitioner was represented by counsel at the time that he pleaded guilty and the recent decision in White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) is therefore inapplicable. The affidavit submitted in support of his motion to the Nassau County Court to withdraw the plea of guilty claimed only that petitioner "was not advised * * * that he might be subject to a penalty of imprisonment by the Court from 19 to 20 years * * *. [H]e was lead to believe * * * that he was only subject to a term of imprisonment not to exceed 5 years." The plea was introduced into evidence on trial and commented upon by the prosecution in summation.[1] Petitioner did not take the stand on his own behalf and his counsel did not object to the introduction of the plea.

Under these circumstances, did use of the withdrawn plea at trial violate petitioner's constitutional rights?

Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), which is the Supreme Court's leading pronouncement in this area, held that a withdrawn plea was not admissible in evidence in the federal courts, but this holding was not couched in constitutional terms and it has never been so construed. Mr. Justice Rutledge, who wrote what is perhaps the strongest statement in support of the view that such a procedure does violate the defendant's constitutional rights, (see Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A.L.R. 1318 (1942), recognized that this was not the law under Kercheval. Canizio v. New York, 327 U.S. 82, 91, 66 S.Ct. 452, 90 L.Ed. 545 (1946) (Rutledge, J., dissenting). Against this background I do not view United States v. Adelman, 107 F.2d 497 (2 Cir. 1939) which was written after Kercheval but some seven years before Justice Rutledge's comments in Canizio, as holding that the issue has constitutional dimensions.

It might also be noted in passing that the State courts which have, subsequent to Kercheval, adopted the view that withdrawn pleas are inadmissible, have not done so upon the ground that the defendant is otherwise denied his constitutional rights. See, for example, State v. Thompson, 203 Or. 1, 278 P.2d 142 (1954); People v. Spitaleri, supra. But cf. State v. Joyner, 228 La. 927, 84 So.2d 462 (1955).

▆ Under these circumstances I am constrained to hold that the use of a withdrawn plea, under the law as it now stands, raises a rule of evidence issue that the various States may deal with in the manner they deem appropriate, and the introduction in evidence of such a prior

---

1. The District Attorney said "And he was in this court on December 2nd before the Judge with his lawyer and pled guilty to burglary in the third degree, this crime, and you can't just pass that out either."

pleading does not deprive a defendant of his constitutional rights.

Since petitioner concedes in his "traverse" that the arrest during which the matches were taken from him was legal, his second allegation must be dismissed as without merit, also.

Petitioner's application for a writ of habeas corpus is denied. A certificate of probable cause will issue.

It is so ordered.