UNITED STATES of America

v.

John ANDREADIS, a/k/a John Andre, Saul Miklean, Arthur D. Herrick, Drug Research Corporation, a corporation, New Drug Institute, Inc., a corporation, and Kastor, Hilton, Chesley, Clifford and Atherton, Inc., a corporation, Defendants.

No. 64–CR–28.

United States District Court
E. D. New York.

Feb. 10, 1965.

See also D.C., 238 F.Supp. 800, 805.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for the United States; Martin R. Pollner, Asst. U. S. Atty., of counsel.

Maurice Edelbaum, New York City, for defendants John Andreadis and Drug Research Corp.

Joseph E. Brill, New York City, for defendant Kastor, Hilton, Chesley, Clifford and Atherton, Inc.; Bernard J. Levy, New York City, of counsel.

BARTELS, District Judge.

Drug Research Corporation (Drug Research), John Andreadis, and Kastor, Hilton, Chesley, Clifford and Atherton, Inc. (Kastor, Hilton) are charged with others in a 58-count indictment in this Court with mail fraud, false advertising by television and misbranding of drugs, all of which constitute felonies under the United States Code. Kastor, Hilton, however, is not charged with the offenses set forth in counts 47 to 58, inclusive, which relate to misbranding of drugs.

On June 14, 1960, prior to the present Federal indictment, Drug Research, John Andreadis and Kastor, Hilton were charged in the Criminal Court of New York City, New York County, in a 134-count indictment with State crimes of conspiracy and the publication and dissemination of advertisements containing untrue, deceptive and misleading statements in violation of Sections 580 and 421, respectively, of the Penal Law of the State of New York.[1] Both indictments arose out of the alleged misrepresentation as to the effectiveness of "Regimen" tablets, a drug sold as an aid to weight reduction. Intent is essential to constitute the Federal offense but is unessential to constitute the State offense.

In April of 1964 Kastor, Hilton pleaded guilty to counts 2, 13, 18, 22, 67, 106 and 127 of the Information; in April of 1964 John Andreadis pleaded guilty to counts 13, 18 and 67 of the Information; and in May of 1964 Drug Research pleaded guilty to counts 2, 13, 18, 22, 67, 106 and 127 of the Information. The Government alleges that the similarities between the counts to which the defendants pleaded guilty in the New

---

1. 39 McKinney's Consol.Laws of New York, c. 49, §§ 580 and 421.

York County case and the counterparts in the indictment in the present case are as follows:

| New York County Information | Federal Indictment |
|---|---|
| Count 106 | Counts 37, 38, 40, 43 and 45 |
| Counts 67 and 127 | Counts 19 thru 45 |

In addition, the Government charges that the newspapers and magazines mentioned in counts 2, 13, 18 and 22 of the New York County Information refer to representations which are substantially the same as those alleged in the Federal indictment.

Defendants move to suppress the introduction into evidence in this case of their pleas of guilty interposed to the New York County Information upon the ground that they were interposed upon the understanding that they would not be available to the prosecution in the present case. In this connection they made an effort to withdraw their pleas of guilty before the New York County Criminal Court but were unsuccessful. The Government has indicated that it intends to offer into evidence at the trial of this case the pleas of guilty interposed by the defendants in the New York County case as admissions (1) that Drug Research and John Andreadis, aided and abetted by Kastor, Hilton, made, published and disseminated certain advertisements regarding "Regimen" tablets with intent to induce the public to buy the same, and (2) that these advertisements contained representations and statements which were false, deceptive and misleading in that they falsely stated that "Regimen" tablets effected a loss of weight without dieting and that clinical tests had proven "Regimen" tablets effective. The two cases are substantially similar except that in the Federal case the additional element of intent to defraud is necessary. In the affidavit of Joseph E. Brill, counsel for Kastor, Hilton, it is stated:

"There can be no doubt that both the indictment in this court and the information returned by the Grand Jury of New York County emanated from the selfsame acts and transactions. Not only did they both derive from the identical conduct of the defendants but the crime charged, and the proof necessary to support the respective accusations, is identical in substance." (p. 16)

While this statement is not binding upon Drug Research or John Andreadis, it nevertheless is an indication of the similarity between the two actions.

█ No sentences have been imposed upon these defendants in the New York County action and consequently the pleas cannot in any sense be considered to have any *res judicata* effect. At best, they can only be viewed as admissions to which the jury may give such weight as they may deem advisable under the circumstances. Moreover, the Government in the present action must supply additional evidence on the issue of intent. Pleas of guilty, nevertheless, are admissible as admissions of the allegations contained in the Information to which they relate. See, United States v. American Packing Corp., D.C.N.J.1953, 113 F.Supp. 223; People v. Spitaleri, 1961, 9 N.Y.2d 168, 170, 212 N.Y.S.2d 53, 173 N.E.2d 35, 86 A.L.R.2d 322. If such admission aids in the proof of another offense, it is still admissible as substantive evidence in the case. The fact that the admission was made in the State court and that the charge in the Federal prosecution requires proof of an additional element would not bar the guilty plea interposed in the State action. Myers v. United States, 4 Cir. 1931, 49 F.2d 230, cert. denied, 283 U.S. 866, 51 S.Ct. 657, 75 L.Ed. 1470. The Court is therefore of the opinion that the pleas of guilty interposed to the New York County Information, are admissible in the present action, limited, however, to the allegations or counts specifically admitted in the pleas to which they were interposed. 4 Wigmore on Evidence § 1066, n. 8 (3d ed. 1940); 2 Wharton's Criminal Evidence § 345 (12th ed. 1955).

Accordingly, defendants' motions to suppress the pleas of guilty interposed by them in the New York State action is hereby denied.

This shall constitute an order.