**UNITED STATES of America ex rel. Robert T. BURKE, Relator-Appellant,**

v.

**Vincent R. MANCUSI, Warden, Attica State Prison, Attica, New York, Respondent-Appellee.**

**No. 360, Docket 33639.**

United States Court of Appeals Second Circuit.

Argued Dec. 16, 1969.

Decided Jan. 6, 1970.

Edward Brodsky, New York City, for relator-appellant.

Robert S. Hammer, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., Albany, N. Y., of counsel), for respondent-appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

FRIENDLY, Circuit Judge:

Robert Burke appeals from an order entered sua sponte by Judge Burke in the District Court for the Western District of New York dismissing a petition for habeas corpus, with respect to which this court granted a certificate of probable cause. This petition, like one previously denied by Judge Bruchhausen in the Eastern District of New York, attacked the validity of appellant's plea of guilty, made on February 20, 1962, in the County Court of Queens County, to unarmed robbery in the first degree, on which he was sentenced to a prison term of from 15 to 30 years.

The facts are stated in an opinion by Judge Mishler, 276 F.Supp. 148 (E.D. N.Y.1967), which led to the hearing in the Eastern District on the earlier petition. Burke and a co-defendant Warrelman had been indicted in Queens County

for grand larceny in the first degree and armed robbery in the first degree. Burke's assigned counsel, Mulvaney, erroneously thought Assistant District Attorney Cacciatore had agreed to accept a plea to attempted armed robbery in the first degree.[1] Before taking the plea, with another assistant present, the state judge inquired what Burke had been doing, and Burke admitted having committed armed robbery, indeed several. At this point Cacciatore entered the courtroom and stated that he had not consented to a plea of guilty to attempted armed robbery, whereupon the judge suspended the proceedings. After several hours Mulvaney informed the judge of an agreement that Burke would be allowed to plead guilty of unarmed robbery in the first degree, which carried a maximum sentence ten years less than armed robbery in the first degree. After ascertaining the voluntariness of the plea, the judge accepted it.

Burke's earlier petition in the Eastern District alleged that Cacciatore had threatened that if Burke went to trial, the State would use the admission made in open court on the aborted taking of the plea to an attempt; that Mulvaney relayed this to Burke, along with his own view that this could be done; and that the guilty plea was induced by this erroneous statement and the impression given Burke "that he would incur the wrath of the Court by proceeding to trial because he had already confessed his guilt." At the hearing Burke, who was represented by counsel, and Warrelman testified to the conversation alleged to have taken place between Mulvaney and Burke. Mulvaney and Warrelman's attorney disclaimed any recollection of it. Cacciatore had died. Greenspan, the As-

sistant District Attorney directly in charge of the case, testified that he was present during the Cacciatore-Mulvaney conversation; that Cacciatore had never said the in-court admissions would be used; and that, as a result of having argued People v. Spitaleri, 9 N.Y.2d 168, 212 N.Y.S.2d 53, 173 N.E.2d 35, 86 A.L.R.2d 322 (1961), the previous year, he was aware that the statements were inadmissible.[2] Upon this testimony Judge Bruchhausen permissibly found, "The credible evidence is that the second plea of guilty was voluntarily entered by Burke and the representations and inducements asserted by him were not made."

■ Burke argues that even if, as must now be accepted, he was never told that the in-court admissions could be used, he was never told they could not be, and his plea is invalid all the same. We think the judge was justified in dismissing the petition under 28 U.S.C. § 2244(b), which provides that a subsequent application for habeas corpus need not be entertained unless it "alleges and is predicated on a factual or other ground not adjudicated" on an earlier application and the court is satisfied "that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." The "ground" of the application in the Eastern District and the present one was the involuntariness of the guilty plea. To be sure, Burke now drops some of his earlier factual contentions and rests on somewhat different legal theories. However, the Supreme Court has said that "identical grounds may often be proved by different factual allegations * * * [or] be supported by different legal arguments,"

---

1. Burke's contention that this misunderstanding demonstrates per se the incompetency of his assigned counsel, which was the gravamen of his present petition and the chief subject of consideration by Judge Burke, is frivolous.

2. While the actual holding, following Kercheval v. United States, 274 U.S. 220,

47 S.Ct. 582, 71 L.Ed. 1009 (1927), was that a guilty plea "allowed to be withdrawn is out of the case forever and for all purposes," 9 N.Y.2d at 173, 212 N.Y.S.2d at 56, 173 N.E.2d at 37, the reasoning would surely cover statements made in connection with the proposed taking of such a plea.

giving as an example a claim that the police physically coerced a confession, followed by a claim that the police psychologically coerced the confession. Sanders v. United States, 373 U.S. 1, 16, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). The situation here is quite parrallel.

It is true that *Sanders* went on to say that "Even if the same ground was rejected on the merits on a prior application * * * the applicant may be entitled to a new hearing upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application," 373 U.S. at 16–17, 83 S.Ct. at 1078, and Burke asserts that the decisions of this court in United States ex rel. Ross v. McMann and United States ex rel. Dash v. Follette, 409 F.2d 1016 (1969), cert. granted, 396 U.S. 813, 90 S.Ct. 65, 24 L.Ed.2d 67 (No. 153) (Oct. 13, 1969), dismissed as moot as to Ross, 396 U.S. 118, 90 S.Ct. 395, 24 L.Ed.2d 303 (Dec. 8, 1969), constituted such a change. We need not consider this inasmuch as Burke is clearly not entitled to relief even under the standards of *Ross* and *Dash*.

Assuming in Burke's favor that the State was somehow responsible for his alleged ignorance that his in-court admission on the abortive taking of the guilty plea could not be used at a trial, the record sufficiently refutes the inference that this motivated the plea on which his conviction rests. Standing trial was not at all the viable alternative Burke now conceives it to have been. The prosecution had an earlier confession which Burke testified was as extensive as his statements in court; Warrelman would doubtless have testified against him; and there appears to have been no dearth of eye-witness testimony. If Burke had gone to trial on the charge of armed robbery, he would have risked a still longer sentence. His experienced counsel was well advised to recommend a guilty plea and Burke to accept the recommendation.

Edward Brodsky, Esq., assigned counsel, has ably advanced all that could be said on Burke's behalf.

Affirmed.