OPINION OF THE COURT
Jerome W. Marks, J.
On this indictment, wherein defendant James B. Smith is charged with the sale and possession of narcotics, he moves to suppress a statement or admission allegedly made by him at a plea bargaining session or conference had at the office of the Special Prosecutor.
The defendant was arrested on March 24, 1976 and charged with having sold to an undercover police officer in the Borough of Brooklyn, a quantity of cocaine on three different occasions, Dec. 16, 1975, Feb. 6, 1976 and March 23, 1976.
Immediately and following his arrest, defendant, knowledgeable in street transactions covering the possession and sale of narcotics, requested a meeting with the in-charge Assistant District Attorney, for the purpose of furnishing him with information with respect to the sale and disposition of illicit drugs by dealers claimed to be known to him, and thus obtain *385 for himself a reduced plea to the crime charged against him and/or the sentence therefor.
Defendant was taken to the office of the Special Prosecutor in anticipation that the defendant would co-operate and furnish the Special Prosecutor with information involving other dealers in narcotics.
Article 65 of the Penal Law provides that in any indictment of a drug-related nature the prosecutor may recommend to the sentencing court lifetime probation for a defendant who “has or is providing material assistance in the investigation, apprehension or prosecution of any person for a felony defined in article two hundred twenty”.
At the Special Prosecutor’s office, defendant was not represented by counsel. Before the talks commenced, defendant was informed of his Miranda rights. This court finds that defendant knowingly waived any rights thereunder.
During the course of the conference with the Assistant District Attorney, defendant furnished to him information concerning drug dealers and their transactions.
As the conference session proceeded, and admittedly not in response to any question put to defendant, he spontaneously uttered, “Boy was I dumb when I came to pick up the money.” This statement was indeed relevant to defendant’s guilt as to the charge against him. At the time of his arrest, defendant was in possession of marked money, the sales price paid by the undercover police officer to defendant for the last purchase of cocaine made on March 23, 1976.
After the conference had terminated, it was concluded by the Assistant District Attorney that the information furnished by the defendant did not warrant the recommendation provided for in article 65 of the Penal Law. It was then decided that the People would move defendant’s case for trial.
Prior to trial, the Special Prosecutor, pursuant to CPL 710.30, served defendant with notice that the People intended to use as evidence of defendant’s guilt, the utterance made by him in the course of his conference with the Assistant District Attorney, to wit, "Boy was I dumb when I came to pick up the money.” Thus, defendant’s motion to suppress the use thereof by the People upon the trial of this indictment.
The People contend and assert that because defendant was informed of his rights under the Miranda rule before his conference session with the Assistant District Attorney com *386 menced, and that the statement made by defendant was not made in response to any question put to him, but spontaneously made, defendant’s statement is admissible against him upon a trial.
The principle of Miranda rights is not in issue in the case at bar. The People’s contention that it is is baseless and without merit.
It is conceded that the conference at the Special Prosecutor’s office was arranged solely for the purpose of defendant giving assistance to the Special Prosecutor and furnishing him with information in an effort to aid him in the investigation of dealers in illicit drugs. Defendant, by co-operating with the Special Prosecutor, intended to avail himself of the provisions of section 65.00 of the Penal Law, reading as follows: "(b) The court * * * may sentence a person to a period of probation upon conviction of a class A-III felony if the prosecutor either orally on the record or in a writing filed with the indictment recommends that the court sentence such person to a period of probation upon the ground that such person has or is providing material assistance in the investigation, apprehension or prosecution of any person for a felony defined in article two hundred twenty”.
Defendant’s sole purpose at the Special Prosecutor’s conference session was to "plea bargain.” He was not there to confess his guilt to the pending indictment against him, nor to be interrogated concerning the three sales transactions had with the undercover police officer. On the contrary, defendant was in the office of the Special Prosecutor for the purpose of furnishing him with information of other drug-related happenings and thus obtain from the Special Prosecutor the advantage of the recommendation he was empowered to make under the relevant statute (Penal Law, § 65.00). Whatever defendant uttered was part of the entire conference session had at the Special Prosecutor’s office. This court finds as a fact that all of the elements of plea bargaining are here present and there exist.
Reference is made to United States v Smith (525 F2d 1017, 1020), where in a similar situation the court stated: "We are aware that the defendant on each of these days executed a Miranda waiver, but we are not persuaded that this effectively negates the legal consequences of the plea bargaining. As far as the accused was concerned, he was not making a confes *387 sion, he was seeking to reach an agreement with the authorities and the discussions were directed to that end.”
It is well settled that withdrawn guilty pleas are inadmissible upon a trial (see Kercheval v United States, 274 US 220, and People v Spitaleri, 9 NY2d 168), "a plea [guilty] so allowed to be withdrawn is out of the case forever and for all purposes” (People v Spitaleri, supra, p 173).
It having become the established law that withdrawn guilty pleas by defendants are not admissible as evidence of guilt, we then can reason and understand that courts would surely adopt the rule that all statements of guilt and confessions made by defendants in the course of plea bargaining should be barred as evidence against them (United States v Ross, 493 F2d 771, 775; United States v Smith, supra). To this we adhere, and bear in mind the court’s holding in Smith (pp 1020-1021):
"The first question is whether discussions had during the course of plea bargaining are generally admissible as part of the government’s case in chief. The answer is no, they are not * * * The proceedings during the plea bargaining are generally recognized to be privileged and inadmissible * * * Indeed such lawyers’ discussions have always been considered privileged.
* * *
"We do not argue either in favor or against plea bargaining in considering the present question except to state that if it is to be carried on, the discussions cannot be admissible in evidence, for to permit this would effectively thwart the effort.”
The statement made by defendant in his conference session at the Special Prosecutor’s office is privileged. It matters not that he was given his rights under Miranda. That is without relevance here. The fact is and it is inescapable that the defendant was at the Special Prosecutor’s office for the prime and only purpose to bargain for a plea — a way out — to extricate himself from a trial of this pending indictment in exchange for information furnished by him as an aid to the Special Prosecutor in his investigation of drug-related cases.
The Special Prosecutor may not on his indictment use against the defendant any statement or information made by or obtained from him during the course of this plea bargaining session or conference.
*388 It is the order and direction of this court that the defendant’s motion to suppress the use of his utterance, "Boy was I dumb when I came to pick up the money” on the trial of this indictment, is granted in all respects, spontaneously though it may have been, upon the ground that it is deemed to be a privileged statement made during the course of a plea bargaining session.
(addendum)
In the case of People v Napolitano (62 AD2d 955), rendered subsequent to the decision relating to the present motion, that court stated: "In the circumstances presented, if the Special Prosecutor wished to speak to defendant about his co-operation, we believe he should have been prepared to forego the use of any statements made by defendant in the course of such a discussion