■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD EVANS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered July 25, 1980, convicting him of manslaughter in the first degree and robbery in the first degree, upon his guilty plea, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress certain incriminatory statements made by him prior to the taking of his guilty plea. Judgment reversed, on the law, the plea of guilty is vacated, the motion to suppress is granted, and the matter is remitted to the County Court, Nassau County, for further proceedings. On February 18, 1976 the defendant and his friend, Edwin Fuller, decided to rob a Tru-Value gasoline station in Farmingdale. Proceeding to the station, they robbed its 16-year-old attendant at gunpoint. Fuller then directed the boy to kneel in front of him with his head down and shot him, causing his death. When the 17-year-old defendant subsequently was apprehended, he was separated from his mother by the police and kept from her counsel through police artifice. While in custody, defendant confessed his part in the commission of the crime in Nassau County, told the police what had transpired, and also admitted his participation in another robbery in Suffolk County. He was then charged with murder in the second degree and several other crimes arising out of the gasoline station robbery. After his motion to suppress his statements to the police was denied, defendant made a bargain with the District Attorney to provide a question and answer (Q & A) statement and to give testimony to support the People's case against another defendant in the case, Gary Thomp-

son, in return for the acceptance of a plea of guilty to manslaughter and robbery in the first degrees plus a promise of a light sentence. The bargain also permitted defendant to plead to lesser charges in Suffolk County. Fuller was tried and convicted of murder in the second degree and is presently serving his sentence. When defendant provided the Q & A statement, his guilty plea was accepted but sentencing was postponed until after he had testified at the trials of Gary Thompson both in Nassau and Suffolk County. In that testimony, defendant clearly incriminated himself. After his conviction in Nassau County, defendant appealed to this court, contending that the statements the police had elicited from him after his arrest should have been suppressed. The conviction was reversed, the plea of guilty was vacated, the motion to suppress was granted, and the matter was remitted to the County Court, Nassau County (*People v Evans,* 70 AD2d 886). The reversal was based on the theory that the police conduct which resulted in defendant's confession deprived him of his right to counsel. Defendant's appeal from the Suffolk County judgment of conviction also was reversed, the guilty plea there was vacated in the interest of justice, and the matter was remitted to the Supreme Court, Suffolk County on the basis of what had been done in the Nassau County matter (see *People v Evans,* 72 AD2d 751). When prosecution of the Nassau County charges was resumed after the reversal, the District Attorney served notice upon the defendant of his intention to use the Q & A statement and his testimony at the Thompson trials. The defendant moved, in turn, to suppress these statements, but upon denial of his motion, he entered into a new plea bargain and again pleaded guilty. The current appeal is from the second judgment of conviction. The defendant contends that the statements he made in furtherance of and in accordance with his original plea bargain must be suppressed on three grounds: (1) that the statements in question are an integral part of the plea which was vacated by this court and the failure to suppress them would constitute a violation of his right against self incrimination and the rule of *People v Spitaleri* (9 NY2d 168); (2) that the statements were impelled by the erroneous refusal of the County Court to suppress defendant's previous unlawfully obtained pre-arraignment confessions; and (3) that the statements were involuntarily made in that they resulted from promises of reduction of charges and sentence. Despite our revulsion at the heartless killing which underlies this case, it is apparent that constitutional considerations compel reversal, plea vacatur and suppression. Our conclusion does not derive from "fundamental fairness" criteria which preclude the use of a vacated or withdrawn plea of guilt against a defendant (see *Kercheval v United States,* 274 US 220; *People v Spitaleri, supra*). Rather, it is clear that the incriminatory statements defendant made pursuant to his plea bargain after denial of his original suppression motion are — to invoke a time-worn metaphor — the fruit of the poisonous tree (see *Harrison v United States,* 392 US 219). *Harrison* is enlightening because it involved a defendant who took the stand and testified in response to three illegally obtained confessions admitted against him. According to his trial testimony, Harrison was at the scene of the killing, shotgun in hand, but the gun went off accidently as he was attempting to pawn it. After the conviction was reversed because of the admission of the illegal confessions, a new trial took place. Over objection by defense counsel, the prosecutor read to the jury Harrison's testimony at the first trial. In reversing the second conviction, the Supreme Court concluded that the same principle that prohibits the use of confessions illegally procured prohibits the use of any testimony impelled thereby. The "'essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all.' *Silverthorne Lumber Co.* v. *United States,* 251 U. S. 385, 392" (*Harrison v*

*United States, supra,* p 222). Furthermore, we do not believe that the statements made by the defendant in the instant case pursuant to the plea bargain were obtained " 'by means sufficiently distinguishable to be purged of the primary taint.' " (*Wong Sun v United States,* 371 US 471, 488.) Neither the plea bargain nor the guilty plea were attenuating circumstances sufficient to erase the effect of the illegality involved in the taking of the original postarrest declarations (cf. *Brown v Illinois,* 422 US 590). Consequently, the currently challenged statements remain the suppressible wake of those taken at the station house in derogation of defendant's right to counsel. We reach no other question. Lazer, J. P., Rabin, Cohalan and Bracken, JJ., concur.