opinion of the court
Duncan S. McNab, J.
Defendant Eric Smith has been charged in the above-noted indictment with two counts of murder, second degree, two counts of robbery, second degree, and two counts of criminal possession of a weapon, second degree. The instant motion, in which defendant seeks certain relief under the so-called “fruit of the poisonous tree” doctrine, comes before the court in a rather unusual posture. On January 6, 1982, after a pretrial Huntley hearing, this court suppressed certain statements defendant had given the police, the court finding that the statements had been taken improperly following defendant’s request for an attorney. (See People v Cunningham, 49 NY2d 203.) The court additionally found, however, that the statements had not been coerced out of defendant nor given under any threat, and that the suppressed statements therefore could still be used by the People for impeachment purposes. (See Harris v New York, 401 US 222.) The People were then granted, per statute (see CPL 450.20, subd 8), a 30-day adjournment to decide whether or not they could proceed to trial under this indictment without these statements, or whether they would seek to appeal from the court’s ruling.
In the interim, however, a totally unforeseen event occurred. On January 27, 1982, at the trial of defendant’s codefendant George Montgomery, separately charged with *268 the same crime of murder, this defendant, accompanied by counsel, was called as a defense witness. Outside the presence of the jury defendant waived his Fifth Amendment rights, and proceeded to testify on behalf of codefendant George Montgomery, during which testimony he repeated the substance of his suppressed statements and was extensively cross-examined thereon. The People thereafter chose to forego any appeal of this court’s Huntley ruling and stated their intention to use the testimony given by defendant on the trial of codefendant Montgomery upon the forthcoming trial of defendant.
Defendant argues that the testimony he gave upon the trial of codefendant Montgomery should be suppressed as the tainted “fruit” of the statements suppressed upon the Huntley hearing. In support of that contention, defendant relies upon the case of Harrison v United States (392 US 219). There, on defendant’s second trial for felony murder, the prosecution introduced three confessions given by defendant to the police. Following the introduction of these statements into evidence, the defendant, who through counsel, had opened to the jury that he would not testify, took the stand to present his version of events. Defendant was convicted, but the conviction was later reversed on grounds that the confessions had been obtained illegally. Subsequently, defendant was tried a third time, at which third trial the prosecutor introduced the testimony defendant had given upon his second trial. Once again, defendant was convicted, and as before, his conviction was again reversed, a majority of the United States Supreme Court holding that defendant’s testimony at the former trial was inadmissible in the later proceeding because it was the fruit of the illegally procured confessions. The reasoning underlying the court’s decision essentially was that defendant had been “impelled”, or induced, to give his trial testimony as the natural consequence of, and only as the result of, his illegally obtained confessions having been received into evidence. Otherwise, his clear intention, as evinced by his opening statement, had clearly been not to testify.
However, it is this court’s view that the facts in the instant case are fully distinguishable from those presented
*269 in Harrison (supra). First of all, defendant Smith, unlike Harrison, did not testify at his own trial and in his own behalf. Secondly, there is nothing in the instant case that resembles the “but for” situation that occurred in Harrison, i.e., but for the felt need to overcome the impact of defendant’s (Harrison’s) statements once those statements were received into evidence, Harrison likely would have opted not to testify at all. Rather, defendant Eric Smith voluntarily chose to testify as a defense witness on the trial of a separately charged codefendant. Defendant did so totally on his own volition, and while accompanied by counsel, in an apparent effort to exculpate codefendant Montgomery. Given the facts of the instant case, the logic of Harrison would have to be strained beyond recognition in order for this court to conclude that defendant was in any sense compelled to testify, in the role of a defense witness, upon his codefendant’s trial. Moreover, to state the obvious, it is manifest that defendant, testifying as a defense witness, was not induced to testify as part and parcel of any arrangement or bargain with the District Attorney, nor has there ever been any such contention. Compare the recent case of People v Evans (85 AD2d 740). There, the Second Department, in vacating defendant’s guilty plea and granting his motion to suppress in reliance upon Harrison (supra), found that a question and answer (Q. & A.) statement defendant had agreed to provide, as well as certain testimony he had agreed to give upon the trial of a codefendant, had been tainted where such testimony was made in furtherance of and in accordance with the plea bargain struck by defendant following the denial of his motion to suppress a confession later found to have been illegally obtained.
Accordingly, defendant’s testimony given on the trial of his codefendant, being completely attenuated from the taint of his illegally obtained confession, defendant’s motion to suppress that trial testimony must be denied in all respects.
[Portions of opinion omitted for purposes of publication.]