Wachtler, J.
(concurring). I agree that the order of the Appellate Division should be reversed and the defendant’s guilty plea reinstated. However, in my view, it is only necessary to consider one of the defendant’s arguments on the merits in order to reach this conclusion.
As the court notes, there is no merit to the defendant’s constitutional arguments. In addition, we -have consistently held that a defendant who pleads guilty forfeits his right to appellate review of rulings on nonconstitutional points (see, e.g., People v Thomas, 53 NY2d 338). Because the defendant’s argument, that the statements and testimony he gave in connection with his first plea should be inadmissible under People v Spitaleri (9 NY2d 168), falls into this latter category, it should be deemed forfeited by his guilty plea.
The fact that the defendant made the Spitaleri argument during the course of a suppression hearing is irrelevant. The grounds upon which a court may grant an order to suppress are specified in CPL 60.45 (subd 2) (see, also, CPL 710.20) and do not include the Spitaleri holding. Thus, in substance, if not in form, the court’s order denying the *26 defendant’s motion on this point, is nothing more than a pretrial decision on a common-law rule of evidence. It does not involve the type of determination which the Legislature has chosen to preserve for appellate review following a guilty plea (CPL 710.70, subd 2).
Similarly irrelevant is the prosecutor’s “failure” to object to the defendant’s making this argument during the course of a suppression hearing. A prosecutor cannot expressly agree to preserve for appellate review an issue which is forfeited by a guilty plea (People v Thomas, supra). The prosecutor’s default should have no greater effect on the defendant’s right to appeal issues necessarily forfeited, as a matter of law, following a guilty plea.
Judges Gabrielli, Jones, Fuchsberg and Meyer concur with Judge Jasen; Judge Wachtler concurs in a separate opinion in which Chief Judge Cooke concurs.
Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.