■ MARY E. COHENS et al., Appellants, v BRIAN HESS, Respondent. (Appeal No. 1.) [670 NYS2d 287] —Judgment affirmed without costs. Memorandum: During the trial of this motor vehicle accident case, Supreme Court properly refused to permit cross-examination of defendant concerning a vacated plea of guilty to a violation of Vehicle and Traffic Law § 1110 (a), failure to obey a traffic control device, relying on *People v Spitaleri* (9 NY2d 168). The broad and forceful language of that decision, that " '[t]he effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught' " (*People v Spitaleri, supra,* at 172, quoting *Kercheval v United States,* 274 US 220, 224), supports the court's evidentiary ruling.

The dissent contends that *Spitaleri* applies only to criminal cases. *Spitaleri* involved a trial in the same criminal case in which the plea had been withdrawn. Here, the issue arises in a separate case and the issue of finality of a disposition of another court is implicated. Unlike the situation presented in *Ando v Woodberry* (8 NY2d 165), which held that a guilty plea to a traffic offense is admissible in a civil action for damages but that the defendant may explain his plea so that the jury may decide whether to give it any weight, the rule advocated by the dissent would require the defendant in this civil action not only to explain his vacated plea but also to persuade the jury that Geneva City Court ruled correctly in granting his CPL 440.10 motion to vacate the judgment of conviction. A jury should not be permitted to evaluate the validity of the vacatur of a judgment by a court of competent jurisdiction. In short, it is an issue of law, not of fact.

The dissent's concern that an affirmance in this case would violate public policy exhibits a cynical view of the way courts treat such matters. The fact that this is the first recorded case of this kind militates against such concern.

All concur except Wisner and Boehm, JJ., who dissent and vote to reverse in the following Memorandum.

Wisner and Boehm, JJ. (dissenting). Because, in our view, the reliance of the majority upon *People v Spitaleri* (9 NY2d 168) is misplaced, we respectfully dissent.

On March 28, 1995, plaintiffs commenced this action to recover damages for personal injuries sustained by Mary E. Cohens (plaintiff) on July 31, 1992, after the automobile she was operating collided with an automobile operated by defendant at the "T" intersection of Genesee Street and Avenue B in Geneva. Plaintiff was traveling on Genesee Street and defendant was traveling on Avenue B. The sole traffic control device at the intersection is a stop sign for motorists approaching from Avenue B. As a result of the accident, defendant was charged with a violation of Vehicle and Traffic Law § 1141 (failure to yield right of way while making left turn). On August 13, 1992, defendant pleaded guilty to a violation of Vehicle and Traffic Law § 1110 (a) (failure to obey a traffic control device) and was fined $75.

Three years after defendant pleaded guilty and nearly six months after this action was commenced, defendant moved for an order vacating his judgment of conviction and permitting him to withdraw his guilty plea on the ground that, at the time he pleaded guilty, he was not represented by counsel. In an "order of coram nobis", Geneva City Court vacated the judgment of conviction and guilty plea and permitted defendant to plead guilty to a violation of Vehicle and Traffic Law § 1201 (a), which concerns parking on the paved part of a highway.

At trial, Supreme Court refused to permit plaintiffs' counsel to cross-examine defendant concerning the vacated judgment of conviction. The judgment of conviction for failure to obey a traffic control device was inconsistent with the testimony of defendant at trial that he had stopped at the stop sign before entering the intersection.

The jury found that plaintiff sustained damages in the amount of $3,000 and that plaintiff was 60% liable and defendant was 40% liable. The court denied the motion of plaintiffs to set aside the verdict on the issue of apportionment of fault and for additur of $27,000 to the verdict. We would reverse the judgment by granting that part of the motion seeking to set aside the verdict and grant plaintiffs a new trial.

It is well settled "that evidence of a defendant's guilty plea cannot be used against him at a *criminal* trial once the plea has been withdrawn" (*People v Curdgel,* 83 NY2d 862, 864 [emphasis added], citing *People v Spitaleri, supra*). In *Spitaleri,* the Court held that, in a criminal trial, it was reversible error to permit the fact of defendant's guilty plea, withdrawn with the trial court's consent, to be used against defendant as an admission to the crime for which he was being tried. In so holding, the Court emphasized that it was dangerous and unjust to permit the affirmative use of a withdrawn guilty plea because, faced with proof of his guilty plea, "defendant was in effect forced to take the stand" (*People v Spitaleri, supra,* 9 NY2d, at 173). " 'When a court allows a defendant to withdraw a plea of "guilty" ' ", the Court in *Spitaleri* explained, " 'it is because the court finds that circumstances exist which make it unfair to hold him to it. Such circumstances make it equally unfair to use it against him as an admission' " (*supra,* 9 NY2d, at 172, quoting *United States v Adelman,* 107 F2d 497, 499). In *People v Evans* (58 NY2d 14, 22), the Court stated that in *Spitaleri* it was acknowledged that the plea "was probative evidence of defendant's guilt, as are all admissions," and further stated that "*Spitaleri* rested entirely on fairness grounds and was in no way constitutionally or statutorily compelled."

In our view, the fundamental differences in the considerations at play in criminal and civil trials compel the conclusion that *Spitaleri* is inapplicable here. In a civil action there is nothing unfair in admitting evidence of a defendant's vacated guilty plea as an admission, subject to the right of defendant "to explain the apparent inconsistency between the alleged admission and [his] position on trial" (Prince, Richardson on Evidence § 8-211, at 520 [Farrell 11th ed]). After hearing a defendant's explanation of the circumstances surrounding the decision to plead guilty, the jury will determine the proper weight to be accorded to the vacated guilty plea. To apply the rule of *Spitaleri* to civil actions would result in significant unfairness to plaintiffs, who would be foreclosed from introducing ordinarily admissible probative evidence, yet there is no impediment to a defendant's ability to explain the circumstances of the guilty plea.

The majority's position that a defendant would be obliged at trial to persuade a jury that the traffic court ruled correctly in vacating the judgment of conviction introduces a novel rule that is unsupported by any authority. Concededly, the vacatur of a judgment by a court may not be questioned by a jury. The validity of the vacatur, however, is not being questioned. Fur-

ther, if such a burden did exist, it would more appropriately seem to be the plaintiff's obligation to persuade a jury that the traffic court ruled incorrectly in vacating the judgment.

The circumstances here underscore the strong policy considerations that militate against extending the rule of *Spitaleri* to civil actions. It was three years after defendant's plea of guilty, and nearly six months after this action was commenced, that the attorney representing defendant in this action succeeded in vacating the plea on the ground that defendant was not represented by counsel. It is undisputed that the points for the violation of Vehicle and Traffic Law § 1110 (a) had expired. Defendant brought the motion after being advised by his counsel in the civil case of the "ramifications" of his plea. The sole purpose of defendant's motion to vacate the plea was to use *Spitaleri* as a shield against the general rule that a guilty plea to a violation of the Vehicle and Traffic Law is admissible in a civil action for damages arising out of a motor vehicle accident. It would be poor policy to permit that artifice to succeed. It would extend *Spitaleri* well beyond its original purpose and encourage every driver who enters a plea to a Vehicle and Traffic Law violation to attempt to vacate the plea years later because of a pending civil lawsuit.

The majority's view regarding our policy concern borders on the fatuous. It is hardly "cynical" to have grave misgivings about extending the salutary purpose of *Spitaleri* to a litigant in a civil case. No great power of divination is required to predict that, although this may be the first case of its kind, it will hardly be the last. (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Negligence.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.