OPINION OF THE COURT
 

 Smith, J.
 

 In this appeal, we consider whether a plea of guilty to a traffic offense which by leave of court has been withdrawn can remain as admissible evidence in a subsequent civil action seeking damages. Because, under the circumstances of this case, we conclude that the withdrawn plea was admissible in the subsequent civil action, we hold that the trial court committed reversible error by prohibiting plaintiff from using the plea as relevant impeachment material.
 

 On March 28, 1995, plaintiffs commenced this personal injury action seeking damages for injuries sustained by plaintiff Mary E. Cohens on July 31,1992, when the automobile she was driving collided in an intersection with an automobile driven by defendant.
 
 *
 
 At the time of the accident, which occurred in Geneva, New York, the sole traffic-control device at
 
 *513
 
 the intersection was a stop sign which faced the direction of defendant. Following the accident, defendant was cited with a traffic infraction for his alleged failure to yield the right of way while making a left turn (Vehicle and Traffic Law § 1141). Just two weeks later, on August 13, 1992, defendant pleaded guilty in Geneva City Court to failure to obey a traffic-control device (Vehicle and Traffic Law § 1110 [a]), and was fined $75.
 

 Three years after entry of defendant’s plea, and nearly six months after plaintiffs personal injury action began, defendant, accompanied by his attorney in the civil action, and unbeknownst to plaintiff, returned to Geneva City Court and moved the court to vacate the judgment of conviction and for permission to withdraw his previously entered guilty plea. In support, defendant claimed that his earlier decision to enter the plea was not made with the advice of legal counsel. Defendant’s motion went unopposed by the local District Attorney, and the court permitted defendant to withdraw his plea and vacated the conviction. Thereafter, the court permitted defendant to plead anew to the nonmoving violation of parking on the paved section of a highway (Vehicle and Traffic Law § 1201 [a]).
 

 At trial in the civil action, defendant testified that he stopped at the stop sign prior to entering the intersection and that only then did the two automobiles collide. Insofar as defendant’s testimony was inconsistent with the underlying facts of his vacated plea, plaintiffs counsel, on cross-examination, attempted to impeach defendant by confronting him with the earlier entry of his plea. The trial court, however, sustained defendant’s objection to the admissibility of the plea, and ruled that any use of the plea was improper since it had been vacated and withdrawn.
 

 Ultimately, the jury returned a verdict of $3,000 in favor of plaintiff, but further found plaintiff 60% at fault. Plaintiff moved to set aside the jury’s verdict, but her motion was denied. On appeal, the Appellate Division, with two Justices dissenting, affirmed the judgment. The majority, relying upon our decision in
 
 People v Spitaleri
 
 (9 NY2d 168), concluded that the unavoidable legal consequence of permitting defendant to withdraw his plea was to render the plea null and void in all subsequent legal actions. The dissent, by contrast, concluded that
 
 Spitaleri
 
 is limited to criminal cases and inapplicable to the circumstances here. We agree, and reverse.
 

 We begin our analysis with the general guiding principle of evidence, that “[a] 11 facts having rational probative value are
 
 *514
 
 admissible, unless some specific rule forbids” (1 Wigmore, Evidence § 10, at 667 [Tillers rev 1983]). It is this general principle that gives “rationality, coherence and justification to our system of evidence”
 
 (Ando v Woodberry,
 
 8 NY2d 165, 167).
 

 In
 
 Spitaleri (supra),
 
 we held that a criminal defendant’s withdrawn guilty plea could not be used against him as an admission of the crime for which he was being tried
 
 (see also, Kercheval v United States,
 
 274 US 220;
 
 People v Moore,
 
 66 NY2d 1028;
 
 People v Droz,
 
 39 NY2d 457). “[A] plea so allowed to be withdrawn is out of the case forever and for all purposes”
 
 (People v Spitaleri,
 
 at 173). While it is true in the context of a criminal case that a vacated plea of guilty is probative as to the ultimate issue being decided, our holding in
 
 Spitaleri
 
 rests entirely on fundamental fairness grounds
 
 (see, People v Spitaleri,
 
 at 172;
 
 People v Evans,
 
 58 NY2d 14, 22).
 

 In
 
 Ando v Woodberry
 
 (8 NY2d 165,
 
 supra),
 
 we held that a guilty plea to a traffic violation is admissible as proof of negligence in a subsequent civil action, noting that a defendant is entitled to explain the plea so that the jury might decide whether to afford it any weight. No reason exists why a similar rule should not also apply in this case. Among the considerations supporting our ruling in
 
 Spitaleri
 
 was that permitting the People to use a defendant’s previously withdrawn plea of guilt at trial would in effect force the defendant to take the stand
 
 (People v Spitaleri,
 
 at 173). Clearly, use of a withdrawn guilty plea as evidence of a material factual issue in a civil case does not give rise to the same concern.
 

 In the instant case, it is undisputed that the basis for City Court’s decision to allow defendant to withdraw his plea was that, at the time of the plea, defendant was without the benefit of legal counsel. Since, however, defendant was charged only with a traffic infraction, he was not as a matter of right entitled to the assignment of counsel
 
 (see,
 
 CPL 170.10 [3] [c];
 
 People v Farinaro,
 
 36 NY2d 283). Thus, City Court’s “affirmative action” allowing defendant to withdraw his plea was not constitutionally or statutorily compelled, but was instead an exercise of discretion
 
 (see,
 
 CPL 170.10 [4], [6];
 
 People v Ross,
 
 67 NY2d 321, 326). Nothing in the record suggests that there was any finding that the plea itself was a product of coercion, misrepresentation or any other constitutionally based denial. Indeed even now defendant does not offer involuntariness as a ground for the vacatur of his plea but instead argues only as he did in the Geneva City Court, that because he was without legal counsel upon the entry of his plea, he is entitled to relief
 
 *515
 
 from the penal sanctions of the resulting conviction. The withdrawal of defendant’s plea, however, suggests only that he was made aware, in the light of the civil suit which followed, that his decision to enter the plea was unwise.
 

 Defendant’s reliance upon
 
 Spitaleri (supra),
 
 which he seeks to use as a shield, overreads that criminally based decision. Plaintiff in this case seeks to use the vacated plea as a sword. With it, plaintiff intends to impeach the credibility of defendant and to demonstrate his negligence in the action. In our view, since the vacatur of defendant’s plea was not based upon any violation of due process grounds, in the circumstances presented, plaintiffs intended use of the plea is proper, while defendant’s attempted use of
 
 Spitaleri
 
 is misplaced. The fundamental differences in the considerations at work in criminal and civil trials compel the conclusion that
 
 Spitaleri
 
 is inapplicable here. Notwithstanding, consistent with
 
 Ando (8
 
 NY2d 165,
 
 supra),
 
 defendant must be permitted a full and fair opportunity to offer the jury his reasons for the withdrawn plea.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and a new trial ordered.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick and Wesley concur.
 

 Order reversed, etc.
 

 *
 

 Plaintiff Joe A. Cohens initially also sought to recover for the loss of his ■ wife Mary E. Cohens’ comfort and services, but prior to trial withdrew all derivative claims against defendant.