◼ JAMES COLOSI, Appellant, v ROGER L. FOLEY, Doing Business as FOLEY'S TAVERN, Respondent, et al., Defendant. (Appeal No. 2.) [849 NYS2d 745]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered October 4, 2006 in a personal injury action. The order granted the motion in limine of defendant Roger L. Foley, doing business as Foley's Tavern.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when another patron at the establishment of Roger L. Foley, doing business as Foley's Tavern (defendant), hit him in the face with a beer bottle. The State Liquor Authority, Division of Alcoholic Beverage Control, thereafter charged defendant with violating Alcoholic Beverage Control Law § 106 (6) by allowing his licensed premises to "become disorderly by suffering or permitting an altercation/ assault to occur on the licensed premises." Defendant pleaded no contest to that charge and an administrative penalty was imposed. We agree with plaintiff that Supreme Court erred in granting defendant's motion in limine, thereby precluding him from presenting evidence at trial with respect to defendant's plea of no contest. The plea concerned the incident that is the basis of this lawsuit, and defendant's "no contest plea 'amounted to a waiver of a hearing and an admission of the facts as charged' " (*Matter of Kufs v State of N.Y. Liq. Auth.*, 224 AD2d 974 [1996]; *see Matter of Pulaski Inn [New York State Liq. Auth.]*, 182 AD2d 1116 [1992]). We note, however, that defendant at trial must be given an opportunity to "explain his plea so that the jury may decide whether to give it any weight" (*Cohens v Hess*, 248 AD2d 954, 954, *revd on other grounds* 92 NY2d 511 [1998]). Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.