Filed 03/28/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 145-3-19 Wncv

Raynal Breault vs. Capital City Auto Mart, Inc.

## Ruling on Defendant's Motion *in Limine*

Plaintiff Raynal Breault alleges in this case, among other things, that Defendant Capital City Auto Mart, Inc., (Capital City), a motor vehicle dealer, misrepresented the condition of the truck that it sold to him. In relation to the transaction between Mr. Breault and Capital City, the Vermont Department of Motor Vehicles (DMV) assessed Capital City a $500 penalty for "[m]isrepresentation of known vehicle defects to purchaser prior to sale." In response, Capital City and the DMV stipulated that Capital City would pay the penalty, and it would not be treated as an admission of guilt. Capital City has filed a motion *in limine* in this case requesting that the Court exclude from trial any reference to the DMV proceeding or its outcome, which it characterizes as a "*nolo contendre* plea."

As support for its motion, Capital City seeks to take advantage of protections related to *nolo* pleas as described in Vt. R. Crim. P. 11. It further argues that the DMV's assessment was for a violation of the wholly inapplicable rules that apply to the Motor Vehicle Arbitration Board and that, after a diligent search for *any* statutory basis for the penalty, none has been found. Capital City, thus, concludes that the assessment could not have had any legitimate legal basis. It also maintains that, if Mr. Breault had a problem with the *nolo contendre* nature of the stipulation, then he should have

challenged it in the administrative case, and it is now too late to do so. Additionally, ¶ 5 of the stipulation resolving the administrative penalty provides that "Dealer's No Contest plea cannot be used as evidence against Dealership in a civil case or any other proceeding against Dealership." It is unclear the extent to which Capital City is attempting to rely on that provision in support of its claim as it is not the subject of extensive briefing. The Court will address each contention in turn.

Capital City's motion is denied. It has come forward with no applicable legal authority that would bar references to the administrative proceeding and its outcome in this case. Criminal Rule 11, by its express terms, did not apply to the DMV proceeding, which was a noncriminal, administrative proceeding, and has also no applicability here. Its citation of support from other types of administrative proceedings also has no applicability here.

Capital City's assertion that the assessment was for a purported violation of the wholly inapplicable Administrative Rule 51, which applies to the Motor Vehicle Arbitration Board, seeks to take unfair advantage of an obvious typographical error in the assessment notice. While citing Rule 51, the notice used the correct language from the plainly applicable Rule 50 (Vermont Dealer Licensing and Schedule of Penalties and Suspension) with which Capital City, a dealer, is presumably well acquainted.

As for a statutory basis for the assessment, the notice generally cites 23 V.S.A. § 475. Section 475(a) authorizes the DMV to "impose an administrative penalty of not more than $500.00 for each violation against a dealer or a transporter who violates the provisions of this subchapter." The reference is to Subchapter 4 of Chapter 7 of Title 23, which includes 23 V.S.A. § 462. Section 462(a) bars "fraudulent or unlawful practices

related to the purchase, sale, or exchange of vehicles." The Court concludes that Section 462 is broad enough to encompass misrepresentations made in connection with the sale of a motor vehicle, as was asserted in the administrative proceeding against Capital City.

Capital City's argument that the time and place for any objection by Mr. Breault to the stipulation was in the administrative case is baseless. Mr. Breault was not a party to the administrative case, and Capital City has not come forward with any legal grounds on which he would have had the ability or standing to intervene and object to the resolution of that proceeding.

No doubt, ¶ 5 of the stipulation is supportive of the notion that the DMV and Capital City agreed that the stipulation would not be employed in, at least, some civil cases. But, while that provision may be enforceable as to civil proceedings between Capital City and the DMV, the agreeing parties, it cannot bind Mr. Breault or the Court in this matter.

In the end, the Court sees no lawful basis to exclude all references to the DMV proceeding in the trial of this case. By the express terms of the stipulation, the payment of the penalty purports not to be an admission of guilt. Mr. Breault remains free to point to it as potential evidence of guilt. Capital City remains free to provide innocent reasons for settling, such as that doing so was expedient and avoided the expense of challenging the penalty until the matter could be heard by a jury. *Cf. Colosi v. Foley*, 849 N.Y.S.2d 745, 746 (N.Y. Sup. Ct. App. Div. 2008) ("We note, however, that defendant at trial must be given an opportunity to 'explain his [*nolo*] plea [from the administrative case] so that the jury [in the civil case] may decide whether to give it any weight.'"). The jury can determine what weight the matter deserves.

## Conclusion

For the foregoing reasons, Capital City's motion *in limine* is denied.

Electronically signed on Wednesday, March 27, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge